IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CYNTHIA CARTER MCREYNOLDS,** et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>**SODEXHO MARRIOTT SERVICES, INC.,**<br><br>   Defendant. | Case No.:1:01CV00510 (ESH) |

## ORDER PRELIMINARILY APPROVING PROPOSED CONSENT DECREE

On March 9, 2001, Plaintiffs Cynthia Carter McReynolds, Lisa Mitchell, Robert Morris, Jr., Chip Moss, Marilyn McNish, Ezzie Henry, Dwain Richardson, Tarsha Ann Hardy, Gail Darlington, and Samuel Cokes filed a Complaint in this Court captioned McReynolds et al. v. Sodexho Marriott Services, Inc., Case No. 01-CV-00510 (ESH) ("McReynolds Action"). Sodexho Marriott Services, Inc. is now known as Sodexho, Inc. ("Sodexho").  In their complaint, Plaintiffs alleged claims against Sodexho for race discrimination in promotions and related employment practices that affect promotions (compensation, discipline, training, benefits, transfers and lateral moves) on behalf of themselves and putatively on behalf of  a class of similarly situated current and former African-American employees.  They alleged both disparate impact and disparate treatment pattern and practice claims.  Plaintiffs' claims are brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981.  Sodexho filed an Answer to the Complaint denying the allegations and specifically denying any violation of the law.

On June 22, 2002, this Court granted Plaintiffs' Motion for Class Certification. Pursuant to Fed. R. Civ. P. 23(b)(2), the Court certified, for liability purposes only, a class:

> of all African-Americans who are or were salaried employees of Sodexho [] at any time from March 9, 1998, to the present, and who have held or sought to obtain (1) an upper-level managerial, supervisory, or professional position (above-the-unit or comparable level of responsibility) or (2) a job that would lead to such a position, and who have been, continue to be, or may in the future be adversely impacted by Sodexho's racially discriminatory policies and practices affecting promotions or advancement.

Subsequently, on January 14, 2003, the Court issued an Order providing that:

> ORDERED that salaried African-American employees who were not employed by Sodexho Marriott Services, Inc. at any time between March 27, 1998 and July 1, 2001 are not members of the class certified by this Court on June 27, 2002; and it is
>
> FURTHER ORDERED that for purposes of determining liability in this case, promotion decisions that occurred after June 22, 2001 shall not be considered.

For purposes of furthering settlement, the Court has amended the class definition, as set forth below. The McReynolds Action has been vigorously prosecuted and defended. Sodexho filed a Rule 23(f) petition from the Court's June 2002 class certification order and then a Petition for Writ of Certiorari to the United States Supreme Court; both petitions were denied. In addition, the parties have engaged in extensive discovery, including taking dozens of depositions, exchanging numerous expert reports, and producing over 100,000 pages of documents. Pursuant to the Court's scheduling order, discovery closed on February 29, 2004. Trial was scheduled to begin on May 2, 2005.

On April 26, 2005, the parties presented the Court with a proposed Settlement Agreement and Consent Decree ("Decree"), attached hereto as Exhibit 1 to this Order and incorporated herein by reference. It appears to the Court that the proposed settlement and Consent Decree are the result of comprehensive, arms' length negotiations between the parties after extensive and

contentious litigation, including voluminous discovery. After reviewing the terms of the proposed Decree, in the context of the extensive legal record in this action and the controlling legal authority, the Court preliminarily finds that the proposed Consent Decree is sufficiently reasonable, adequate and fair, and consistent with relevant state and federal law, to warrant notice thereof to the members of the Settlement Class and a full hearing on the fairness thereof.

The two proposed Settlement Classes, one for non-monetary relief and one for monetary relief, satisfy the standards of Fed. R. Civ. P. 23(a) for class certification. The settlement class for purposes of non-monetary relief, as defined below, satisfies Rule 23(b)(2). Rule 23(b)(2) permits class certification "if the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). The proposed non-monetary relief provided for in the Decree will have a significant impact on the company's policies and practices in relationship to the members of the class still working for Sodexho.

Finally, the settlement class for purposes of monetary relief, as defined below, satisfies Rule 23(b)(3). Rule 23(b)(3) provides for certification of a class where "the court finds that [1] the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that [2] a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Here, as the Court held in its initial certification ruling, there are such common questions of law and fact. Moreover, in the context of this settlement, the Court finds that a class action is far superior to other available methods for fair and efficient adjudication of this controversy.

IT IS THEREFORE ORDERED THAT:

1. The Consent Decree and the settlement that it embodies are hereby PRELIMINARILY APPROVED. Final approval and entry of the Consent Decree is subject to the hearing of any objections of Class Members to the proposed settlement embodied in the Decree and to the Court's full consideration of the matter.

2. Pending the determination of the fairness of the Consent Decree, all further proceedings in this action are hereby STAYED.

3. For purposes of settlement, the Court hereby designates and certifies a Settlement Class as follows:

   A. For purposes of the monetary relief provided in this Decree, the Settlement Class is certified pursuant to Federal Rule of Civil Procedure 23(b)(3) and consists of all African-Americans who (1) were salaried exempt employees of Sodexho in the United States at any time between March 27, 1998 and June 1, 2004 and (2) have not opted out pursuant to Section IX.C of the Decree.

   B. For purposes of the non-monetary or injunctive relief provided in this Decree, the Settlement Class is certified pursuant to Federal Rule of Civil Procedure 23(b)(2) and consists of all African-Americans who were salaried exempt employees of Sodexho in the United States any time between March 27, 1998 and the Effective Date of the Decree.

4. Notice Procedures:

   A. Retention of Claims Administrator

Within seven (7) days after the Court grants preliminary approval of the Decree, Sodexho shall retain an independent Claims Administrator, who is mutually selected by the parties, to execute the duties described in Sections IX and X of the Decree. The Claims Administrator shall

be an organization or entity experienced and qualified in the administration of class action monetary settlement distribution and/or claims proceedings. Sodexho shall be responsible for all reasonable fees, expenses, and costs incurred by the Claims Administrator. Sodexho shall provide, within fourteen (14) days of this Order, the Claims Administrator and Class Counsel with all contact information that is centrally maintained at corporate headquarters and is electronically available, including the names, current or last known home addresses, home e-mail addresses, and home telephone numbers, for all Settlement Class Members. Sodexho shall provide such last known address information from Sodexho's payroll records to Class Counsel at the same time as it provides such information to the Claims Administrator.

        B.    Notice of Proposed Class Action Settlement and Hearing

Not later than twenty-one (21) days after the Court grants preliminary approval of the Decree, the Claims Administrator shall mail, via first class United States mail, postage prepaid, notice of the proposed class action settlement in the form attached as Exhibit B to the Decree to all Settlement Class Members using each individual's last known address as recorded in Sodexho's payroll records and provided to the Claims Administrator pursuant to Section X.D.2.b of the Decree. By the same date, the Claims Administrator shall also place an appropriate notice of the settlement, in the form attached as Exhibit C to the Decree, in USA Today, at a cost not to exceed $25,000. By the same date, Sodexho shall post a copy of the Notice, in the form attached as Exhibit C to the Decree, on its website and keep it posted through the date of the Fairness Hearing. The Claims Administrator shall notify Class Counsel of any mail sent to Settlement Class Members that is returned as undeliverable.

   C. Opt-out Right

    1. Any Settlement Class Member may request exclusion from the class for purposes of monetary relief only. Settlement Class Members who wish to opt out of the settlement class for purposes of participation in the monetary portion of the settlement must submit a written and signed request for exclusion to the Claims Administrator, in the form attached as Exhibit D to the Decree. Opt-out statements must be postmarked and mailed to the Claims Administrator by a date certain, which shall be not later than thirty (30) days after the Claims Administrator mails the Notice provided for in Section IX.B of the Decree.

    2. No Settlement Class Member may opt out of the injunctive relief provisions of this Decree.

    3. The Claims Administrator shall stamp the date received on the original of any Opt-out Statement that it receives and serve copies of the Statement on Class Counsel and Sodexho's counsel not later than two (2) business days after receipt thereof and shall send a final list of all Opt-outs to Class Counsel and Sodexho's Counsel within ten days after the deadline for submission of Opt-out Statements. The Claims Administrator shall also file the date-stamped originals of any Opt-out Statements with the Clerk of Court not later than ten (10) business days prior to the date set for the final approval hearing. The Claims Administrator shall retain copies of all Opt-out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Decree.

    4. Any Settlement Class Member who wishes to rescind his/her Opt-out Statement may do so by submitting a Rescission of Opt-out Statement, in the form attached as Exhibit E to the Decree, to the Claims Administrator up to but no later than fourteen (14) days before the date of the final approval hearing.

5. The Claims Administrator shall stamp the date received on the original of any Rescission of Opt-out Statements it receives and serve copies of the Rescission of Opt-out Statements on Class Counsel and Sodexho's counsel not later than two (2) business days after receipt thereof and shall file the date-stamped originals of any Rescission of Opt-out Statements with the Clerk of the Court not later than five (5) business days prior to the date of the final approval hearing. The Claims Administrator shall retain copies of all Rescission of Opt-out Statements in the files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Decree.

D. Objections

1. Class members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. If a class member wishes to object to the entry of this Decree, the objector must submit a written statement of the objection to the Claims Administrator by July 22, 2005. The Claims Administrator shall stamp the date received on the original and send copies to the Parties not later than two (2) business days after receipt thereof. The Claims Administrator shall also file the date-stamped originals of any objections with the Clerk of Court by July 26, 2005.

2. An objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he/she submits his/her written objections. An objector may withdraw his/her objections at any time. If any attorney will be representing an individual objecting to the Consent Decree, the attorney shall file a notice of appearance with the Court and serve counsel for all parties with a true and correct copy thereof not later than fifteen (15) days prior to the Fairness Hearing.

    3. The Parties may file with the Court written responses to any filed objections by August 3, 2005.

  E. Fairness Hearing

    1. The Court shall conduct a hearing on the fairness of the Decree on August 10, 2005, at 10 a.m. The hearing will be held in Courtroom 18, at the United States Courthouse located at 333 Constitution Avenue, N.W., Washington, DC 20001.

  SO ORDERED this \_\_\_ day of _____, 2005.

               _____
               ELLEN SEGAL HUVELLE
               UNITED STATES DISTRICT JUDGE