## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA CARTER MCREYNOLDS,<br>    et al.,<br>                        Plaintiffs,<br><br>                    v.<br><br>SODEXHO MARRIOTT SERVICES, INC.,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:01-CV-00510 (ESH)<br>)<br>)<br>)<br>)<br>) |

## <u>SETTLEMENT AGREEMENT AND CONSENT DECREE</u>

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.     EFFECTIVE DATE AND DURATION OF THE DECREE . . . . . . . . . . . . . . . 4

V.      SETTLEMENT CLASS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

VI.     MISCELLANEOUS PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        A.      Calculation of Time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        B.      No Admission of Liability/Rights to Enforce . . . . . . . . . . . . . . . . . . 5
        C.      Deadlines . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        D.      Entire Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        E.      Counterparts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        F.      Construction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        G.      Notices . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        H.      Persons Bound/Preclusive Effect . . . . . . . . . . . . . . . . . . . . . . . . 8
        I.      Nature of Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        J.      Modification and Severability of the Decree . . . . . . . . . . . . . . . . . 8

VII.    NON-MONETARY PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        A.      Commitment to EEO and Diversity . . . . . . . . . . . . . . . . . . . . . . . 9
                1.      Statement of Commitment to Diversity . . . . . . . . . . . . . . . . 9
                2.      Communicating Sodexho's Diversity Commitment . . . . . . . . . 9
                3.      Non-Discrimination Policy . . . . . . . . . . . . . . . . . . . . . . . 10
                4.      Diversity in Promotional Opportunities . . . . . . . . . . . . . . . 10
        B.      EEO and Diversity Training . . . . . . . . . . . . . . . . . . . . . . . . . . 10
                1.      Affirmative Action Training . . . . . . . . . . . . . . . . . . . . . . 10
                2.      EEO Training . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
                3.      Diversity Training . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

-i-

**TABLE OF CONTENTS**
(continued)

**Page**

C.      Job Posting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
D.      Validated Promotion Selection Process . . . . . . . . . . . . . . . . . . . . . . . 14
        1.      Job Analyses  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
        2.      Structured Selection Process  . . . . . . . . . . . . . . . . . . . . . 15
        3.      Documents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
        4.      Notice of New Promotion Selection Procedure . . . . . . . . . . . . 15
        5.      Manager Training . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
E.      Performance Management Process  . . . . . . . . . . . . . . . . . . . . . . 16
F.      Manager and Executive Accountability . . . . . . . . . . . . . . . . . . . . 16
        1.      Champion of Diversity Training for Executive Team . . . . . . . . 16
        2.      Diversity and Inclusion Component of Bonus Plan . . . . . . . . . 17
G.      Office of Employment Rights and EEO Complaint Process  . . . . . . . . . 18
        1.      Description of OER  . . . . . . . . . . . . . . . . . . . . . . . . . . 18
        2.      Description of Complaint Process  . . . . . . . . . . . . . . . . . . 18
        3.      Commitment to Maintain the OER and New Complaint Process  20
        4.      Documentation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
        5.      Notice to Managers of Potential Sanctions  . . . . . . . . . . . . . 20
H.      Client Non-Discrimination Policy . . . . . . . . . . . . . . . . . . . . . . . 21
        1.      Proposal Language . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
        2.      Enforcement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
I.      Employee Network Groups  . . . . . . . . . . . . . . . . . . . . . . . . . . 22

VIII.   RECORDKEEPING, REPORTS, AND MONITORING  . . . . . . . . . . . . . . . 23
A.      Creation and Function of Consent Decree Monitors . . . . . . . . . . . . . 23
B.      Recordkeeping . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26
C.      Access to Documents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
D.      Reporting Requirements . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
        1.      Schedule of Reports . . . . . . . . . . . . . . . . . . . . . . . . . . 28
        2.      Contents of Progress Reports . . . . . . . . . . . . . . . . . . . . . 28

IX.     NOTICE, OBJECTIONS, AND OPT-OUTS  . . . . . . . . . . . . . . . . . . . . 30
A.      Retention of Claims Administrator . . . . . . . . . . . . . . . . . . . . . . . 30
B.      Notice of Proposed Class Action Settlement and Hearing  . . . . . . . . . . 31

-ii-

# TABLE OF CONTENTS
(continued)

Page

C.   Opt-out Right . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31
D.   Excessive Number of Opt-outs . . . . . . . . . . . . . . . . . . . . . . . . . . . 33
E.   Objections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33
F.   Fairness Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34
G.   Notice of Final Approval . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34
H.   Hotline . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
I.   No Discouragement of Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

X.   MONETARY PAYMENTS AND CLAIMS PROCEDURE . . . . . . . . . . . . . . 36
A.   Service Award Payments to Named Plaintiffs . . . . . . . . . . . . . . . . . . . 36
B.   Service Award Payments to Affiants, Deponents, and Executive
     Committee Members Who Are Not Named Plaintiffs, Affiants, or
     Deponents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36
C.   Monetary Payments to Settlement Class Members . . . . . . . . . . . . . . . . 37
D.   Claims Determination Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38
     1.   Filing of Completed Claims Forms . . . . . . . . . . . . . . . . . . . . . 38
     2.   Review of Claims Forms . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39
     3.   Deadline for Administrator Review of All Claims . . . . . . . . . . 40
     4.   Rejected Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40
     5.   Determination -- Final and Binding . . . . . . . . . . . . . . . . . . . . . 41
E.   Class Monetary Distribution Procedure . . . . . . . . . . . . . . . . . . . . . . . 41
F.   No Payments Attributable to Punitive Damages . . . . . . . . . . . . . . . . . 42
G.   Monetary Payments Limited by the Terms of the Decree . . . . . . . . . . . 42

XI.   ATTORNEYS' FEES, LITIGATION EXPENSES, COSTS . . . . . . . . . . . . . 42

XII.   RELEASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

XIII.   DISPUTE RESOLUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

XIV.   NON-DISPARAGEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

I.      **INTRODUCTION**

On March 9, 2001, Plaintiffs Cynthia Carter McReynolds, Lisa Mitchell, Robert

Morris, Jr., Chip Moss, Marilyn McNish, Ezzie Henry, Dwain Richardson, Tarsha Ann

Hardy, Gail Darlington, and Samuel Cokes filed a Complaint in this Court captioned

McReynolds et al. v. Sodexho Marriott Services, Inc., Case No. 01-CV-00510 (ESH)

("McReynolds Action"); Sodexho Marriott Services, Inc. is now known as Sodexho, Inc.

("Sodexho").  In their complaint, Plaintiffs alleged claims against Sodexho for race

discrimination in promotions and related employment practices that affect promotions

(compensation, discipline, training, benefits, transfers and lateral moves) on behalf of

themselves and putatively on behalf of a class of similarly situated current and former

African-American employees.  They alleged both disparate impact and disparate

treatment pattern and practice claims.  Plaintiffs' claims are brought under Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42

U.S.C. § 1981.  Sodexho filed an Answer to the Complaint denying the allegations and

specifically denying any violation of the law.

On June 22, 2002, this Court granted Plaintiffs' Motion for Class Certification.

Pursuant to Fed. R. Civ. P. 23(b)(2), the Court certified, for liability purposes only, a

class:

> of all African-Americans who are or were salaried employees of Sodexho [] at any
> time from March 9, 1998, to the present, and who have held or sought to obtain
> (1) an upper-level managerial, supervisory, or professional position (above-the-
> unit or comparable level of responsibility) or (2) a job that would lead to such a
> position, and who have been, continue to be, or may in the future be adversely
> impacted by Sodexho's racially discriminatory policies and practices affecting
> promotions or advancement.

Subsequently, on January 14, 2003, the Court issued an Order providing that:

> ORDERED that salaried African-American employees who were not employed by
> Sodexho Marriott Services, Inc. at any time between March 27, 1998 and July 1,
> 2001 are not members of the class certified by this Court on June 27, 2002; and it
> is
>
> FURTHER ORDERED that for purposes of determining liability in this case,
> promotion decisions that occurred after June 22, 2001 shall not be considered.

The McReynolds Action has been vigorously prosecuted and defended.  Sodexho

filed a Rule 23(f) petition from the Court's June 2002 class certification Order and then a Petition for Writ of Certiorari to the United States Supreme Court; both petitions were denied. In addition, the parties have engaged in extensive discovery, including taking dozens of depositions, exchanging numerous expert reports, and producing over 100,000 pages of documents. Pursuant to the Court's scheduling order, discovery closed on February 29, 2004. Trial was scheduled to begin on May 2, 2005.

This Settlement Agreement and Consent Decree ("Decree") resolves all issues and claims raised in the McReynolds Action. Defendant denies any and all liability to the Named Plaintiffs and the class and denies that it has violated either Title VII or § 1981. No finding of liability has been made.

The Parties have negotiated a class settlement and will seek certification of settlement classes for monetary and injunctive relief as part of the process for seeking approval of this Decree.

This Settlement Agreement and Consent Decree is entered into by Class Counsel, on behalf of participating Named Plaintiffs and the Settlement Class Members, and Defendant Sodexho.

## II.   DEFINITIONS

A.   "Affiant" means and refers to the individual class members who signed one or more affidavits during the course of the McReynolds Action in support of Plaintiffs' position, had their depositions taken and responded to requests for production of documents. The Affiants so covered by this Decree are: James O. Barksdale, Timothy Coleman, Albert Fagins, Sheila Jones Ellis, Brenda Hendrickson, Monica Howell, Vanessa Johnson, Eyob Mehari, Alfonder Mercer, Etoir Avery Mosley, Curtis Smart, William Snell, Jacqueline Barnes, Joseph Glass, Margaret Howard, Kola Oladipo, Cornell Shelby, Bruce White, and Orlando Wright.

B.   "Class Counsel" means and refers to Kaye Scholer, LLP and the attorneys practicing therein and whom the Court found, in the context of its class certification

ruling, to be capable of fairly and vigorously defending the interests of the class members in this litigation.

C.      "Decree Monitors" means and refers to the panel of Consent Decree Monitors established pursuant to Section VIII.A.

D.      "Defendant" or "Company" means and refers to Defendant Sodexho Marriott Services, Inc., now known as Sodexho, Inc. ("Sodexho").

E.      "Deponents" means and refers to certain individual class members who had their depositions taken during the course of the McReynolds Action in support of Plaintiffs' position but who are not Named Plaintiffs or Affiants.  The four Deponents so covered by this Agreement are: James Brown, Robin Clayton, Henry Richardson, and Curtis Stancil.

F.      "Effective Date" shall refer to the date upon which approval of the Decree has been granted by the United States District Court for the District of Columbia and any and all appeals from that judgment have been exhausted and the approval is affirmed and final.

G.      "Eligible Claimant" means and refers to a Settlement Class Member who satisfies applicable criteria set forth in Section X.C. for receipt of monetary relief.

H.      "McReynolds Action" means and refers to the action captioned. McReynolds, et al. v. Sodexho Marriott Services, Inc., Case No. 01-CV-510 (ESH).

I.      "Named Plaintiffs" means and refers to Cynthia Carter McReynolds, Lisa Mitchell, Robert Morris, Jr., Chip Moss, Marilyn McNish, Ezzie Henry Murray, Dwain Richardson, Tarsha Ann Hardy, Gail Darlington Delay and/or Samuel Cokes.  A Named Plaintiff is a "participating" Named Plaintiff only if he/she timely executes this Settlement Agreement and Consent Decree and returns the signature page to Sodexho within 10 calendar days of the order of preliminary approval being issued.

3

J.     "Parties" means and refers to Sodexho, Inc. (formerly known as Sodexho Marriott Services, Inc.), the participating Named Plaintiffs, and all Settlement Class Members.

K.     "Released Parties" means and refers to those parties described in Section XII.D and E of this Decree.

L.     "Settlement Class Members" means and refers to all individuals who meet the definition of the Settlement Class, as defined in Section V below.

M.     "Executive Committee Members" who are not Named Plaintiffs, Affiants, or Deponents means Kerry Britt and Ellen Early.

N.     "Salaried Exempt" or "salaried exempt" employees shall mean all Sodexho employees who were or are being paid on a salaried basis and exempt from the minimum wage provisions of the Fair Labor Standards Act, 20 U.S.C. §201 et seq.

## III.   JURISDICTION

This Court has jurisdiction over the Parties and the subject matter of this action. Venue is proper in this district.  This Court shall retain jurisdiction of the McReynolds Action during the duration of the Decree only for the purpose of enforcing the Decree by entering orders that are authorized by this Decree.

All claims in the McReynolds Action shall be dismissed with prejudice upon the Effective Date of this Decree, provided that the Court retains jurisdiction to enforce the terms of this Decree as described in the preceding paragraph.  A copy of the Order of Dismissal to be entered is attached hereto as Exhibit A.

## IV.   EFFECTIVE DATE AND DURATION OF THE DECREE

A.     The terms of this Decree are effective immediately upon the Effective Date.

B.     The provisions of this Decree and the agreements contained herein shall remain in effect for a period of five (5) years from the Effective Date and shall thereupon expire except insofar as claims are released.

## V.   SETTLEMENT CLASS

A.     For purposes of the monetary relief provided in this Decree, the Settlement Class is certified pursuant to Federal Rule of Civil Procedure 23(b)(3) and consists of all African-Americans who (1) were salaried exempt employees of Sodexho in the United States at any time between March 27, 1998 and June 1, 2004 and (2) have not opted out pursuant to Section IX.C.

B.     For purposes of the non-monetary or injunctive relief provided in this Decree, the Settlement Class is certified pursuant to Federal Rule of Civil Procedure 23(b)(2) and consists of all African-Americans who were salaried exempt employees of Sodexho in the United States any time between March 27, 1998 and the Effective Date.

## VI.   MISCELLANEOUS PROVISIONS

### A.     Calculation of Time

In computing any period of time prescribed or allowed by this Decree, unless otherwise stated, such computation or calculation shall be made consistent with Federal Rules of Civil Procedure 6(a) and (e).

### B.     No Admission of Liability/Rights to Enforce

1.     This Decree represents the compromise of disputed claims which the Parties recognize would require protracted and costly litigation to determine. Sodexho's entry into this Decree is not and may not be used by any person as an admission or evidence that Sodexho has engaged in any practice that violates Title VII or § 1981.

2.     For purposes of interpreting this Decree, individual class members shall not be deemed to be third party beneficiaries of this Decree, and shall have no right to enforce its terms.  Only participating Named Plaintiffs who execute this Agreement and/or the Decree Monitors may seek to enforce applicable provisions of this Decree through the applicable dispute resolution processes provided for herein.  To the extent that individual class members have complaints regarding Sodexho's implementation of

the terms of this Decree, they may bring them to the attention of participating Named Plaintiffs who execute this Agreement and/or the Decree Monitors, who, as appropriate, will decide whether to pursue such complaints through the applicable dispute resolution processes provided for herein.

### C.      Deadlines

The Parties and the Court recognize that from time to time unforeseen events, such as exigent business circumstances, personnel issues, and negotiations with third parties, cause delays in the accomplishment of objectives no matter how well intentioned and diligent the Parties may be.  Accordingly, with regard to the provisions of this Decree that require that certain acts be taken within specified periods, except as otherwise provided, the Parties understand and agree that Court approval shall not be required for reasonable extensions of deadlines.  In the event that any party determines that an action required by this Decree cannot be taken within the specified time period, that party shall promptly notify the other Parties that it anticipates a delay, the reasons for the delay, and a proposed alternative deadline.  The Parties shall endeavor to cooperate in reasonably rescheduling such deadlines.  This provision allowing extension of deadlines shall not apply to any of the deadlines set in Section X for claiming a monetary payment or for the payment by Sodexho of any monetary amounts due under this Decree.

### D.      Entire Agreement

This Decree contains the entire agreement between the Parties regarding all claims asserted in the McReynolds Action, and it supersedes all negotiations, representations, discussions, understandings, contracts, or agreements, prior to the date of this Decree in regard to those issues.

**E.** **Counterparts**

This Decree may be executed in one or more counterparts, each of which will be considered an original, but all of which, when taken together, will constitute one and the same instrument.

**F.** **Construction**

The terms of this Decree are the product of joint negotiations and shall not be construed as having been authored by one party rather than the other.  The headings in this Decree are solely for convenience and will not be considered in its interpretation. Where required by context, the plural includes the singular and the singular includes the plural.

**G.** **Notices**

Except as is otherwise provided in this Decree, all notifications, reports and communica sufficient as hand-delivered or sent by first class mail, facsimile transmission, or electronic mail tions to the parties required under this Decree shall be made in writing and shall be to the following persons:

For Plaintiffs:

> Kerry Alan Scanlon, Esq.
> Kaye Scholer LLP
> 901 Fifteenth Street, N.W.
> Suite 1100
> Washington, DC  20005

> Nicole J. Becton, Esq.
> Kaye Scholer LLP
> 901 Fifteenth Street, N.W.
> Suite 1100
> Washington, DC  20005

For Defendant:

> Robert A. Stern, Esq.
> Senior Vice President and General Counsel
> Sodexho, Inc.
> 9801 Washingtonian Boulevard

Suite 1242
Gaithersburg, MD  20878

Glen D. Nager, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC  20001

Alison B. Marshall, Esq
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC  20001

Any party may change such persons and/or addresses by written notice to the other parties, setting forth a new person and/or address for this purpose.

**H.**     **Persons Bound/Preclusive Effect**

The terms of this Decree are and shall be binding upon the Parties, and upon all of their present and future representatives, counsel, agents, directors, officers, assigns, and successors and heirs and assigns of the participating Named Plaintiffs and Settlement Class Members.  The Parties also intend that the terms of this Decree shall have the broadest preclusive effect allowed by law, including specifically § 108 of the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2(n).

**I.**     **Nature of Agreement**

This Consent Decree is a contract and shall, upon final approval by the Court, also constitute an order of this Court.

**J.**     **Modification and Severability of the Decree**

1.     Whenever possible, each provision and term of this Decree shall be interpreted in such a manner as to be valid and enforceable; provided, however, that in the event that, following approval of the entire Decree by the Court, any provision or term of this Decree should nonetheless later be determined to be or rendered invalid or unenforceable (by an Act of Congress, or otherwise), all other provisions and terms of this Decree and the application thereof to all persons and circumstances subject thereto

8

shall remain unaffected to the extent permitted by law.  If any application of any provision or term of this Decree to any person or circumstances should so later be determined to be invalid or unenforceable, the application of such provision or term to other persons and circumstances shall remain unaffected to the extent permitted by law.

        2.      The Parties may jointly agree to modify the Decree with approval of the Court.

## VII.   NON-MONETARY PROVISIONS

Sodexho agrees to continue or to implement the programmatic initiatives outlined in this section.  The Parties recognize that Sodexho has expended significant resources and will provide significant economic and other benefits to Sodexho and its employees.

### A.    Commitment to EEO and Diversity

#### 1.    Statement of Commitment to Diversity

Sodexho shall communicate clearly that it is fully committed to being a leader in the field of diversity and equal employment opportunity.  To that end, Sodexho shall adopt and publish the following Statement of Commitment to Diversity:

> Just as Sodexho is a leader in the food and facilities management industry, we are committed to promoting and fostering equal opportunity in all operations of our company.  Sodexho believes that diversity and inclusion is a fundamental and indispensable objective which strengthens the company, maximizes the investment of shareholders, and prepares us to lead in the 21st century.  Sodexho is fully committed to ensuring not only compliance with the equal opportunity laws, but also a deeper commitment to the principle that diversity and inclusion will help us realize our greatest potential as a company and maximize the potential of all of our employees.

#### 2.    Communicating Sodexho's Diversity Commitment

Each year of the Decree, Sodexho shall publish an annual Diversity Report in brochure form comparable to the 2004 Annual Diversity and Inclusion Report.  In this report, Sodexho shall reaffirm its commitment to diversity and shall include the Statement of Commitment to Diversity ("Statement") set forth in subsection 1 above.

Each year, Sodexho shall provide copies of the Diversity Report to its exempt employees. In addition, Sodexho shall post the Statement of Commitment to Diversity prominently on its website. Sodexho shall also include the Statement in its Company Policy Manual and Employee Handbook upon their next revision. Sodexho shall also include the Statement with the mailing to current clients provided for in Section VII.H.1.

### 3.      Non-Discrimination Policy

Within ninety (90) days of the Effective Date of this Decree, Sodexho shall internally republish its company-wide policy prohibiting racial discrimination, harassment and/or retaliation to exempt employees by means ordinarily used to communicate with exempt employees such as e-mails or newsletters.

### 4.      Diversity in Promotional Opportunities

Sodexho is committed to a diverse workplace. The provisions of Section VII of this Decree aim to ensure that African-American managers are not limited in their ability to hold positions in or seek promotions to a variety of client accounts and client locations. Pursuant to Section VIII.D.2, the Company shall report on the results of its efforts in this regard.

### B.      EEO and Diversity Training

### 1.      Affirmative Action Training

In the past three years, Sodexho has offered affirmative action reporting and planning training to all General Managers at units with fifty or more employees and to all District Managers covered by a District roll-up Affirmative Action Plan. Sodexho shall continue to offer comparable training to newly hired or promoted managers in these categories within twelve months after their hire or promotion.

### 2.      EEO Training

a.      By the end of February 2004, Sodexho had provided equal opportunity and affirmative action training to managers, including human resources managers, who were employed as of September 2002. The training includes, but is not

10

limited to, the requirements of Title VII with respect to discrimination (including race discrimination in promotions) and harassment and managers' affirmative action responsibilities. The curriculum has been developed by Seyfarth Shaw. Sodexho tracks participation in the training program.

        b.     Sodexho agrees that, during the term of this Decree, it shall provide eight-hour equal opportunity and affirmative action training, using the curriculum developed by Seyfarth Shaw or comparable curriculum, to any current managers who have not yet received it and to all newly hired managers and persons promoted into a manager position for the first time within twelve months after their appointment.

        c.     In addition, Sodexho shall provide two-hour refresher EEO training to its managers either in person or via the internet, at least once every three years.

**3.     Diversity Training**

     Beginning in the second quarter of 2004, Sodexho provided full-day, company-wide diversity training to managers. This training shall be provided to up to 3,000 managers each fiscal year until all managers have had the opportunity to receive such training. This training shall include, but need not be limited to, understanding the business case for diversity, understanding biases and their impact on employment decisions, developing skills to more effectively manage a diverse workforce, and developing a personal action plan to be more culturally competent.

**C.     Job Posting**

        1.     Sodexho agrees that, throughout the period of the Consent Decree, it shall post open salaried exempt positions required to be posted by its March 1, 2004 Career Center Policy ("Policy") on its Career Center for at least five business days. The Policy shall provide that a promotion is an advancement to a higher grade.

        2.     Before a hiring manager may fill a position that has not been posted and that is not otherwise exempt from posting under the Policy, he or she must obtain the approval in writing from the Human Resources executive designated in the

applicable Career Center Policy. All records related to each exception to the posting requirement, including the written justification therefor, shall be centrally retained for the duration of this Decree.

3.      Within ninety (90) days of the Effective Date of this Decree, Sodexho shall develop and distribute written guidelines regarding the cancellation, postponement or lapse of a position opening announcement, or a decision not to select anyone for an open position previously posted. The guidelines shall include a provision that internal candidates affected by the cancellation of a position will be directed as to how they can request and receive additional information regarding the reasons for the cancellation of the position. Recruiters shall be required to document the reason why the posting or promotion process was not completed.

4.      A Career Center posting shall describe, at least, the minimum qualifications, principal responsibilities and location of the opening and the salary grade assigned to the position. These requirements shall remain fixed until the posted position is filled or the posting is withdrawn. If changes are made to the requirements or specifications of the initial positing, the five business day posting period will re-start.

5.      Candidates who do not meet the posted qualifications for the position will be notified electronically (to the e-mail address provided in their application in the Career Center System) that they will not be considered for the position. This shall be done as promptly as is reasonably practicable but no later than ten (10) business days after that determination has been made.

6.      In the event a posting is withdrawn or closed, internal candidates who met the posted qualifications for the position will be notified of that fact electronically (to the e-mail address provided in their application in the Career Center System) as promptly as is reasonably practicable, but no later than ten (10) business days after the posting is withdrawn or closed.

7.     As soon as technologically feasible, and in no case more than one year after the Effective Date, Sodexho will implement a procedure such that, within fifteen (15) business days after a signed written acceptance is received for a posted opening, Sodexho shall provide electronic notification to all internal candidates who posted for the position that the selection decision has been made and shall advise the internal candidates as to how they can receive feedback on why they were not selected for the opening.

8.     If a complaint is filed by an internal salaried, exempt applicant whom Sodexho interviewed for a posted position challenging the selection of another person to fill the position on the ground of race discrimination, the Office of Employment Rights will investigate such complaint on a priority basis.

9.     Sodexho shall regularly audit the posting process to ensure that all positions filled during the preceding period that should have been posted were in fact posted or exempted from posting with permission of the designated Human Resources executive.  In the event that positions have been filled without posting or proper exemption approval, appropriate disciplinary action will be taken against the responsible employee(s).

10.     Sodexho shall retain the independent industrial psychologist with whom it has been working to develop validated selection processes, as provided for in subsection D below, to review its Career Center Policy to ensure that it is consistent with the validated selection procedures developed as said processes are completed and implemented.  This review shall consider the listing of any minimum qualifications on job postings and other qualifying or selection criteria that may be included or referred to in the new posting policy.  Sodexho shall make appropriate changes to the Policy, if any, within six months after recommendations are received.

11.     Career Center postings and candidate profiles will be maintained for the duration of this Decree.

### D.   Validated Promotion Selection Process

Sodexho agrees and commits to completing the development and implementation of a validated promotion selection process for salaried exempt positions.  To that end, Sodexho agrees that it shall undertake the following actions.

### 1.   Job Analyses

a.   Working in conjunction with the independent industrial psychologist that it has retained, Sodexho shall complete by May 31, 2006, job analyses for all salaried exempt positions (other than the Executive Team) within the Company in accordance with the standards set forth in the *Uniform Guidelines on Employee Selection Procedures*, 29 C.F.R. § 1607 et seq., and/or the applicable professional standards set forth in the *Standards for Educational and Psychological Tests* (1999) published by the American Psychological Association et al. ("APA Standards") and/or the *Principles for the Validation and Use of Personnel Selection Procedures (2003)* authored by the Society for Industrial and Organizational Psychology ("SIOP Principles").  In so doing, for positions above the District Manager ("DM") level and staff positions, Sodexho shall convene focus groups to identify the job duties and responsibilities required for each position, and to identify the knowledge, skills and abilities ("KSAs") or competencies needed to perform those duties successfully.  Members of such focus groups shall represent the general demographics of the Company's workforce at the staff and above the DM level.  For positions at or below DM, Sodexho shall develop and administer a survey; steps will be taken so that the survey responders represent the general demographics of the workforce in those positions.

b.   The job analyses shall not only devise a general model of competencies for Sodexho as a whole ("core competencies"), but also specific competency elements within the model for particular groups of job titles.  Sodexho shall not rely on any pre-manufactured or "one size fits all" job competencies.

### 2.    Structured Selection Process

Once Sodexho has conducted the job analyses and identified the job competencies for each exempt position, it shall promptly design a structured selection process, such as a structured interview, for the various positions to evaluate the degree to which candidates possess the specified competencies.   The design shall be completed no later than December 31, 2006.  The selected competency assessment shall comport with the *Uniform Selection Guidelines*.  As provided for in Section VIII.A.6  below, review and evaluation of the selection process validation work shall be done by the Decree Monitors.

The new selection process for all employees in District Manager and General Manager positions shall be completed and operational within six months after the Effective Date of the Decree.  The new selection process for in-unit managers and operation and sales executive managers and the accompanying training shall be completed and operational by December 31, 2008.  For all other positions, this work will be completed by December 31, 2009.

### 3.    Documents

Sodexho shall maintain the interview ratings and the selection decisions where the new selection process is in place in centralized locations for the duration of the Decree, except that for selection decisions made during the last two years of the Decree, these documents shall be maintained by the Company for three (3) years.  This provision extending document maintenance beyond the term of the Decree is contractual only and does not, and shall not be construed to, extend the term of the Decree or the Court's continuing jurisdiction over the Parties.

### 4.    Notice of New Promotion Selection Procedure

Sodexho shall provide exempt employees with notice of the new promotion selection procedures in a reasonable time as they are implemented.

### 5.      Manager Training

Sodexho shall conduct three-hour training sessions for managers of exempt employees on the new selection processes and the new performance management processes as provided for in Section VII.E below in a reasonable time as they are implemented.

This selection training will include, but not be limited to, an overview of the selection process and conducting effective structured interviews.  Newly hired managers and newly promoted managers who have not previously managed exempt employees shall also receive the same training as implemented within 180 days after their appointment.

### E.      Performance Management Process

1.      Building on the job analyses and competencies identification completed in conjunction with developing the validated selection process and working in conjunction with its in-house industrial psychologist and an outside industrial psychologist, Kathleen Lundquist at Applied Psychological Techniques, Inc., or someone with comparable credentials, Sodexho agrees and commits that it shall complete the development and implementation of new performance appraisal tools for exempt employees.  The performance measures to be used in these tools shall be based on the competencies identified in the job analyses already completed and performance goals.

2.      As part of the new performance management process, Sodexho shall include a development plan component.

### F.      Manager and Executive Accountability

### 1.      Champion of Diversity Training for Executive Team

Sodexho shall conduct three-hour Champion of Diversity training for its Executive Team each year which shall focus on how the Executive Team can effectuate diversity within Sodexho.

2.      **Diversity and Inclusion Component of Bonus Plan**

a.      Sodexho has added a diversity and inclusion component to its annual bonus plan for bonus-eligible managers.  Sodexho agrees and commits to maintain a diversity and inclusion component to its annual bonus plan for bonus-eligible managers during the term of this Decree.

b.      The diversity component will be measured in part through the Sodexho Diversity Index ("SDI") and a scorecard system.  Sodexho will retain the right to determine annually the appropriate configuration of and criteria and weightings for the SDI.  The criteria will include, among other things, performance in the areas of promotions of African-Americans and diversity in overall salaried exempt staffing.

c.      No less than 10% of the available annual incentive pool target will be designated as the diversity bonus pay-out for bonus-eligible managers. Sodexho reserves the right not to pay the diversity portion of the bonus to a particular manager even if the applicable criteria are achieved if the manager has engaged in serious misconduct that is contrary to the spirit of the Company's diversity efforts or that otherwise has resulted in disciplinary action.

d.      For members of the Executive Team, no less than 20% of the available annual incentive bonus pool target will be designated as the diversity bonus pay-out.

e.      Within ninety (90) days of the Effective Date of the Decree, Sodexho shall disseminate to all bonus-eligible managers a written description of the Sodexho Diversity Index and scorecard system and the diversity and inclusion component of the annual bonus plan.

G.     **Office of Employment Rights and EEO Complaint Process**

1.     **Description of OER**

a.     Sodexho has launched the Office of Employment Rights ("OER") to investigate and resolve internal complaints of employment discrimination by salaried, exempt employees. The OER has the power and authority to receive and investigate any complaints of employment-related discrimination by Sodexho exempt employees and, where appropriate, take remedial action.

b.     The Executive Director of Employment Rights is responsible for managing the OER. The OER will be staffed to the level necessary to provide prompt and appropriate service.

2.     **Description of Complaint Process**

a.     Any exempt employee who believes that he or she has been the subject of employment discrimination, harassment and/or retaliation at the Company may file a complaint with the OER. Employees may file complaints by submitting a written complaint to the OER, by sending an e-mail to the OER, or by contacting the OER via a toll-free Office of Employment Rights telephone number, which is separate and distinct from an existing toll-free number for internal complaints.

b.     Sodexho has provided, and will continue to provide, notice of the existence of the OER complaint process and shall encourage its exempt employees to use this internal process if they believe that they have been discriminated against. Sodexho's human resources managers and managerial employees who are contacted regarding a potential employment discrimination complaint have been instructed to refer the complaint to the OER. The complaint process can be initiated by the OER itself, based on information that it receives, even if an employee complaint is not filed.

c.     The OER shall document all incoming complaints. Upon receiving a complaint, the OER shall make a good faith effort to conduct a prompt and complete investigation, unless the complaint on its face does not require or warrant an

investigation, in which case the Executive Director of Employment Rights shall personally sign a finding of good cause not to investigate.  The investigation shall include the following steps: (1) acknowledging receipt of the complaint and documentation thereof, (2) interviewing the complainant, the alleged discriminating supervisor or employee, and any available material witnesses, and (3) reviewing relevant documents. All investigations shall be completed within sixty (60) days of receipt of a complaint, unless the Executive Director finds that exceptional circumstances exist to extend this time.  Upon completion of the investigation, the OER shall prepare a written summary of the investigation, including summaries of interviews conducted.

       d.     The OER staff shall have full access to relevant EEO data or other records maintained by the Company.  The OER staff shall maintain the confidentiality of Company records, information, and EEO data received or reviewed in connection with any investigation.  Sodexho reserves the right, in cases where its legal department determines appropriate, to have the legal department conduct the investigation, in order to protect and preserve the attorney-client and/or work product privileges.

       e.     Sodexho agrees that, where a complainant's complaint is found to be meritorious, the Executive Director or his/her designee shall work with the appropriate HR manager and operations manager to take appropriate remedial and disciplinary measures, including but not limited to, for the complainant, as appropriate, a pay increase, transfer, reassignment, reinstatement, training or promotion and for the alleged discriminator, training and/or disciplinary measures, including but not limited to counseling, warnings, suspension, reassignment, loss of bonus, and/or termination.

       f.     Upon completion of the investigation, in addition to preparing a written report for the file, the OER shall notify the complainant of its findings verbally.  If the complaint is found to be meritorious, the OER will tell the complainant of any non-confidential (as determined in the discretion of the Executive Director) remedial

actions being taken.  For purposes of this provision, disciplinary action is deemed confidential.

3.   **Commitment to Maintain the OER and New Complaint Process**

Sodexho agrees that it shall continue to maintain and operate the OER and complaint process during the term of this Decree.  Sodexho shall maintain the position of Executive Director reporting to the Senior Vice President of Human Resources or a commensurate position throughout the term of the Decree.

4.   **Documentation**

The OER shall retain complaints filed with the OER, investigative files, findings of good cause not to investigate, and records documenting any remedial and/or disciplinary action taken.  Documents required to be retained hereunder shall be retained for the duration of the Decree or for any period required by local, state or federal law, whichever is longer.

5.   **Notice to Managers of Potential Sanctions**

a.   As part of Sodexho's efforts to educate its workforce about the OER and the internal complaint process, within ninety (90) days of the Effective Date of this Decree, the Company shall remind exempt employees of the potential adverse consequences of engaging in any discriminatory employment action, up to and including termination.  The notice shall specifically provide that the behavior subject to appropriate disciplinary action shall include: (1) any use of racial epithets, slurs, or other racially derogatory remarks, (2) retaliation against an exempt employee for using the internal complaint process or otherwise filing a complaint of discrimination, (3) failure to follow the Company's promotion or posting process resulting in an improper promotion, (4) any discriminatory treatment of protected groups in the area of compensation, promotion, performance appraisal, benefits, job assignments or disciplinary action, and (5) any other violation of Sodexho's nondiscrimination policy.

b.     The existence of the OER and the internal employment discrimination complaint process established in this section does not affect the right of any Sodexho exempt employee to file a charge or complaint of discrimination or retaliation under any available municipal, state, or federal law.

**H.     Client Non-Discrimination Policy**

Sodexho shall take steps to ensure that placement of its managers in specific accounts or units, whether that occurs through promotion, transfer, reassignment, hiring or otherwise, are not influenced in any way by discrimination or racial preference initiated or requested by the client.

**1.     Proposal Language**

Among those steps, Sodexho shall, within ninety (90) days of the Effective Date of this Decree, include, in each proposal for business and in each new contract proposed for new or existing business that it drafts, the following provision:

> Sodexho is an equal opportunity employer and is legally responsible for all of its employment decisions affecting its own employees, which include thousands of extremely talented and diverse managers.  As such, Sodexho will not comply with any type of unlawfully discriminatory request or preference by anyone that restricts the opportunities of its workforce.  The staffing, promotion, placement or assignment of managers who work on this account must be done without any preference or limitation based on race, color or any other basis prohibited by law, including, but not limited to, religion, sex, age, national origin, disability or Vietnam Veteran status.  This obligation applies to the recruitment, selection, training, utilization, promotion, termination or other employment-related activities concerning Sodexho's employees.  Under no circumstances will Sodexho permit a request or suggestion by a client to place a particular manager in an account to override its non-discrimination policy.

> In addition, Sodexho affirms that it is an equal opportunity and affirmative action employer and shall comply with all applicable federal, state and local laws and regulations including, but not limited to, Executive Order 11246, as amended by 11375 and 12086; 12138; 11625; 11758; 12073; the Rehabilitation Act of 1973; as amended; the Vietnam Era Veterans Readjustment Assistance Act of 1974; Civil Rights Act of 1964; Equal Pay Act of 1963; Age Discrimination in Employment Act of 1967; Immigration Reform and Control Act of 1986; Public Law 95-507; the Americans With Disabilities Act; and any additions or amendments thereto.

Sodexho shall use good faith efforts to include the foregoing language in new contracts.   In addition, within ninety (90) days of the Effective Date of the Decree, Sodexho shall send a copy of this language to each of its current clients.

**2.      Enforcement**

a.      Sodexho shall instruct its managers to remind any client who initiates a request for assignment of a manager on the basis of race or color that such requests are not acceptable.

b.      Sodexho shall promptly take appropriate disciplinary actions against any manager who fails to enforce this provision or follow the requirements of this paragraph.

**I.      Employee Network Groups**

As part of Sodexho's commitment to support affinity groups and the creation of networking opportunities for women and minority groups in the Company, Sodexho has launched the Employee Networks program which provides for recognition and support of employee network groups for exempt employees.  Sodexho agrees and commits that it shall continue this program during the period of this Decree and, consistent with its Employee Networks Handbook, Sodexho shall provide recognized Employee Networks with the following:

1.      Each Network Group is expected to be self-funded through membership dues.  Sodexho shall provide a one-time payment of at least $5,000 as seed money, once a Network Group has been approved.

2.      Annually, Network Groups will be able to participate in the Network Group Budget Request and Company Funding process as provided for in the Employee Networks Handbook.

3.      Employees may participate in Network Groups during business hours as business permits.  If the network activity conflicts with legitimate business

22

activities, a supervisor may refuse to release the employee during business hours and require that the employee participate during non-business hours.

4.      Reasonable use of floor copiers, workstation PC's, e-mail, telephones, intranet classifieds, and conference rooms shall be permitted consistent with the Company's business needs and stated Sodexho policy.

5.      The Diversity section on SodexhoNet shall be available to share information about the network, particularly the network's charter and objectives, meeting schedules, and who to contact for more information.  All content must be reviewed and approved in advance by the Office of Diversity.

6.      An employee shall not be penalized or disciplined for participating in an Employee Network so long as his or her participation does not conflict with business needs or has the approval of his or her manager.

## VIII.  RECORDKEEPING, REPORTS, AND MONITORING

### A.      Creation and Function of Consent Decree Monitors

1.      Within ninety (90) days after the Effective Date of this Decree, the Parties will establish a panel of Consent Decree Monitors ("Decree Monitors") to monitor the implementation by Sodexho of the terms of Section VII of this Decree.

2.      The panel of Decree Monitors will consist of five persons:  two Sodexho appointees, two appointees selected by participating Named Plaintiffs, and one appointee agreed to by participating Named Plaintiffs and Sodexho to serve as Chairperson.   Sodexho shall only be required to pay the reasonable fees and costs for the time expended and expenses incurred by the person jointly selected by Sodexho and participating Named Plaintiffs to serve as Chairperson.  If the participating Named Plaintiffs' appointees are not current employees of Sodexho, Sodexho shall have no responsibility for paying for any time or expenses they devote to serving as Decree Monitors.  In the event that a Decree Monitor is unable or unwilling to continue to serve

23

as a member of the panel of Decree Monitors, or if the appointing party desires that one of its appointee(s) no longer serve as a member of the panel of Decree Monitors, the party who selected such Decree Monitor shall have the authority to replace that member.  If the Chairperson is unwilling or unable to continue to serve as Chairperson, Sodexho and participating Named Plaintiffs shall jointly select a new Chairperson.  If they are unable to agree upon a replacement Chairperson, the Court shall have the authority to select a replacement Chairperson consistent with the terms of this Decree.

3.     The panel of Decree Monitors will operate as a team and will work together in their monitoring of the implementation of this Decree.  The Decree Monitors will attempt to reach consensus on all recommendations; provided, however, that if they are unable to reach unanimity as to a specific recommendation, a majority shall prevail.

4.     Any information obtained by the Decree Monitors shall be treated as confidential and shall not be used for any purpose except for monitoring the implementation of this Decree, consistent with the terms of Section VIII.C.  Each Decree Monitor shall execute a confidentiality agreement limited by the restriction in the preceding sentence.

5.     The Decree Monitors shall have such independent power and authority necessary to carry out the tasks assigned to it in this Decree.  Among other things, the Decree Monitors shall receive the reports provided for in Section VIII.D, meet with Sodexho's Senior Vice President of Human Resources and Senior Vice President of Diversity annually, and review the records provided for in Section VIII.B as they deem appropriate to monitor Sodexho's progress in implementing the terms of the non-monetary relief provisions of this Decree as set forth in Section VII.  The authority of the Decree Monitors to act is solely defined and limited by the terms of this Decree.

6.     The Decree Monitors will review the selection process validation work done during the year pursuant to Section VII.D.  If the Decree Monitors determine that they need to retain an industrial psychologist who is an expert in job selection

24

validation to assist them in this review, they may do so.  Sodexho shall pay the reasonable fees and costs for such an expert up to an annual total of $20,000.00.  The Decree Monitors (and any expert they retain) shall be responsible only for identifying any non-compliance with Section VII.D; the Decree Monitors (and any expert they retain) shall not be responsible for determining the means by which Sodexho shall bring its validation work into compliance.  Sodexho alone shall bear that responsibility.  In the event Sodexho disagrees with an assessment that its validation efforts are not in compliance with Section VII.D, the Decree Monitors may invoke the dispute resolution process outlined in paragraph 9 below.

       7.     Within sixty (60) days after the first, second, third and fourth anniversaries of the Effective Date of the Decree, the Decree Monitors shall prepare a report to Sodexho and Class Counsel setting forth their findings as to Sodexho's compliance with its obligations under Section VII of the Decree.  Like the Decree Monitors, Class Counsel must execute the same confidentiality agreement before they may receive such report(s).  If the Decree Monitors determine that Sodexho is in compliance with the terms of Section VII of the Decree for that year, no further action regarding that year shall be necessary.  If the Decree Monitors determine that Sodexho is not in full compliance with Section VII for that year, the Decree Monitors shall specify in writing (1) what specific term(s) of Section VII Sodexho has not satisfied and (2) the Decree Monitors' recommendations as to the steps Sodexho should take to come into compliance.  Recommendations shall be consistent with the terms of this Decree and may not expand upon the obligations imposed by this Decree.  In the last year of the Decree, the Decree Monitors shall prepare and submit their report, ninety (90) days before the anniversary of the Effective Date.

       8.     Sodexho shall meet with the Decree Monitors to discuss each recommendation made by the Decree Monitors and to formulate appropriate responses to

these recommendations.  Sodexho shall notify the Decree Monitors of their final response to each recommendation within forty-five (45) days of receiving those recommendations.

        9.      In the event that the Decree Monitors are not satisfied with Sodexho's responses, the Decree Monitors may then invoke the following dispute resolution process:

        a.      Sodexho and the Decree Monitors shall negotiate in good faith for up to sixty (60) days in an attempt to resolve their differences.

        b.      If Sodexho and the Decree Monitors are unable to resolve their differences after sixty (60) days, the Decree Monitors may file an appropriate motion for enforcement with the Court.

        c.      While contempt sanctions may be considered by the Court upon such motion following exhaustion of this dispute resolution process, a contempt sanction will not be imposed unless applicable and controlling legal standards are met, and the Court finds that there has been a material breach of this Decree.

        d.      In considering an enforcement motion under this Decree, the Court will be bound by the terms of this Decree and will only have jurisdiction to enforce it.

        e.      If the Decree Monitors prevail in any enforcement motion filed pursuant to this provision, Sodexho shall pay them reasonable attorneys' fees and costs for time spent and costs incurred in pursuing such motions.

        10.      Only the Decree Monitors shall have the authority to seek to enforce against Sodexho compliance with the provisions of Sections VII and VIII of the Decree.

**B.**    **Recordkeeping**

      Sodexho shall retain the following employment-related records for the duration of the Decree or as required by state or federal law, whichever is longer.  Records created during the last two years of the Decree shall be retained for three (3) years after the date

26

they were created.  This provision extending document maintenance requirements beyond the term of the Decree is contractual only and does not, and should not be construed to, extend the term of the Decree or the Court's continuing jurisdiction over the Parties.

1.      Annual Diversity and Inclusion Reports;

2.      Tracking reports for EEO training;

3.      Tracking reports for Diversity training;

4.      Training materials used in the Affirmative Action, EEO, and Diversity training;

5.      Career Center postings and candidate profiles;

6.      Interview ratings and selection decisions for Career Center posted positions using the validated selection processes;

7.      Records of any exceptions to the posting requirement;

8.      Records of any disciplinary action taken because a position that was not otherwise exempt was filled without posting and without obtaining the proper approval as provided for in Section VII.C.2;

9.      Diversity scorecards and diversity bonus calculations;

10.     Complaints filed with the OER, investigative files, findings of good cause not to investigate, and records documenting any remedial and/or disciplinary action taken;

11.     EEO-1 reports;

12.     Affirmative Action Plans;

13.     In addition to the above records, Sodexho shall create and maintain the reports specified in Section VIII.D.2.

**C.** **Access to Documents**

1.      The Decree Monitors shall, upon reasonable notice, be entitled to review all documents required to be maintained by the express terms of this Decree, except, however, the Decree Monitors shall not be entitled to review any documents that are protected by attorney-client or work-product privilege.

2.      All documents required to be maintained by the express terms of the Decree are and shall be treated as confidential business records.  The Decree Monitors shall not divulge any such documents to any third party unless so ordered by the Court after notice to the Company and opportunity for the Company to object to such disclosure and be heard, provided however that the panel of Decree Monitors may divulge such documents to counsel that they retain (who has first executed a confidentiality agreement like that executed by the Decree Monitors) in connection with monitoring the implementation of the Decree.  Upon expiration of the Decree, the Decree Monitors shall promptly return to the Company any and all documents the Company furnished under this Decree.

**D.** **Reporting Requirements**

**1.** **Schedule of Reports**

Within one hundred and twenty (120) days after the first full fiscal year after the Effective Date of the Decree and at twelve-month intervals thereafter throughout the term of the Decree, Sodexho shall provide Progress Reports to the Decree Monitors and Class Counsel on the Company's compliance with the Decree's requirements.  Like the Decree Monitors, Class Counsel must execute a confidentiality agreement before they may receive such reports.

**2.** **Contents of Progress Reports**

Each report shall contain the following:

a.      summaries by division (including corporate headquarters) of all promotions made during the preceding 12 months of salaried exempt employees to

include: (i) the grade level and job title to which each person was promoted and (ii) the race of each person promoted;

b.      a snapshot as of the last day of the fiscal year of the number of and percentage of salaried exempt employees by race (Caucasian, African-American, and other) and grade level across the entire Company and across each division (including corporate headquarters);

c.      a snapshot as of the last day of the fiscal year of the number and percentage of salaried exempt employees by race (Caucasian, African-American, and other) and job title across the entire Company and across each division (including corporate headquarters);

d.      a summary of the EEO training and Diversity training completed during the preceding year, including the number of managers participating in each type of training and the identity of the trainers;

e.      a list of all positions posted in Career Center during the prior year including job title, grade level and division;

f.      a list of all exceptions to the posting requirement approved by the designated Human Resources Executive as provided for in Section VII.C.2;

g.      a list of all positions filled without posting or proper exception approval and the action taken in response as provided for in Section VII.C.9.

h.      a summary of the progress on the development and implementation of the Validated Selection Process as provided for in Section  VII.D;

I.      a summary of the development and implementation of the new performance management tools as provided for in Section VII.E;

j.      the Sodexho Diversity Index calculations for each division;

k.      a summary of the complaints received by the OER involving complaints of race discrimination in promotions.  This summary shall include the date the complaint was received, the job title, grade, race, division and unit of the

complainant and the respondent(s), a summary of the allegations, the OER's determination, and a summary of any remedial or disciplinary action taken in response to the complaint;

l.       a summary of any active Employee Network, including a description of the group's mission, its leaders and members, projects it has undertaken, and a description of Sodexho's financial and logistical support for the group; and

m.       a snapshot reflecting the location of African-American managers.

## IX.   NOTICE, OBJECTIONS, AND OPT-OUTS

### A.   Retention of Claims Administrator

Within seven (7) days after the Court grants preliminary approval of the Decree, Sodexho shall retain an independent Claims Administrator, who is mutually selected by the parties, to:  (1) distribute preliminary notice (Section IX.B); (2) receive and forward to the Court Opt-out Statements (Section IX.C); (3) distribute final notice and Claims Forms and Releases (Section IX.G); (4) verify the validity of each claim submitted and certify those who are Eligible Claimants (Section X.D.2); (5) confirm execution of a Release by each Eligible Claimant as a precondition to payment (Section XII.C) and (6) administer the disbursement of payments to Eligible Claimants (Section X.E).  The Claims Administrator shall be an organization or entity experienced and qualified in the administration of class action monetary settlement distribution and/or claims proceedings. Sodexho shall be responsible for all reasonable fees, expenses, and costs incurred by the Claims Administrator.  Pursuant to Section X.D.2.b, Sodexho shall provide, within fourteen (14) days of the Court granting preliminary approval, the Claims Administrator and Class Counsel with all contact information that is centrally maintained at corporate headquarters and is electronically available including the names, current or last known home addresses, home e-mail addresses, and home telephone numbers, for all Settlement

Class Members.  Sodexho shall provide such last known address information from Sodexho's payroll records to Class Counsel at the same time as it provides such information to the Claims Administrator.

**B.      Notice of Proposed Class Action Settlement and Hearing**

Not later than twenty-one (21) days after the Court grants preliminary approval of the Decree, the Claims Administrator shall mail, via first class United States mail, postage prepaid, notice of the proposed class action settlement in the form attached as Exhibit B to all Settlement Class Members using each individual's last known address as recorded in Sodexho's payroll records and provided to the Claims Administrator pursuant to Section X.D.2.b.  By the same date, the Claims Administrator shall also place an appropriate notice of the settlement, in the form attached as Exhibit C, in USA Today, at a cost not to exceed $25,000.  By the same date, Sodexho shall post a copy of the Notice, in the form attached as Exhibit C, on its website and keep it posted through the date of the Fairness Hearing.  The Claims Administrator shall notify Class Counsel of any mail sent to Settlement Class Members that is returned as undeliverable.

**C.      Opt-out Right**

1.      Any Settlement Class Member may request exclusion from the class for purposes of monetary relief only.  Settlement Class Members who wish to opt out of the settlement class for purposes of participation in the monetary portion of the settlement must submit a written and signed request for exclusion to the Claims Administrator, in the form attached as Exhibit D.  Opt-out statements must be postmarked and mailed to the Claims Administrator by a date certain, which shall be not later than thirty (30) days after the Claims Administrator mails the Notice provided for in Section IX.B.

2.      No Settlement Class Member may opt out of the injunctive relief provisions of this Decree.

3.      The Claims Administrator shall stamp the date received on the original of any Opt-out Statement that it receives and serve copies of the Statement on Class Counsel and Sodexho's counsel not later than two (2) business days after receipt thereof and shall send a final list of all Opt-outs to Class Counsel and Sodexho's Counsel within ten (10) days after the deadline for submission of Opt-out Statements.  The Claims Administrator shall also file the date-stamped originals of any Opt-out Statements with the Clerk of Court not later than ten (10) business days prior to the date set for the final approval hearing.  The Claims Administrator shall retain copies of all Opt-out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Decree.

4.      The Parties recognize that some class members who initially request to be excluded from this Decree may upon further reflection, consultation or the provision of additional information regarding this Decree, wish to rescind such Opt-out Statements.  The Parties agree that Settlement Class Members shall be permitted to rescind such Opt-out Statements by submitting a Rescission of Opt-out Statement, in the form attached as Exhibit E, to the Claims Administrator up to but no later than fourteen (14) days before the date of the final approval hearing.

5.      The Claims Administrator shall stamp the date received on the original of any Rescission of Opt-out Statements it receives and serve copies of the Rescission of Opt-out Statements on Class Counsel and Sodexho's counsel not later than two (2) business days after receipt thereof and shall file the date-stamped originals of any Rescission of Opt-out Statements with the Clerk of the Court not later than five (5) business days prior to the date of the final approval hearing.  The Claims Administrator shall retain copies of all Rescission of Opt-out Statements in the files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Decree.

**D.    Excessive Number of Opt-outs**

This provision applies only to Settlement Class Members who were salaried exempt employees at some point in time between March 27, 1998 and July 1, 2001.  In the event that more than 240 such persons elect to "opt-out" of the Settlement Class for purposes of participation in the monetary portion of this settlement, Sodexho may, at its option, void this Decree.  Sodexho shall notify Class Counsel of its decision to void the Decree within twenty (20) days after it receives a final list of the opt-outs.  In the event that Sodexho elects to void the Decree, the Parties shall not be bound by this Settlement Agreement and Consent Decree in any way. In that event, this Decree and the underlying negotiations shall not be admissible for any purpose.  The Parties shall be free to renegotiate any other settlement agreement or proceed with the litigation.

**E.    Objections**

1.    Class members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing.  If a class member wishes to object to the entry of this Decree, the objector must submit a written statement of the objection to the Claims Administrator by July 22, 2005.  The Claims Administrator shall stamp the date received on the original and send copies to the Parties not later than two (2) business days after receipt thereof.  The Claims Administrator shall also file the date-stamped originals of any objections with the Clerk of Court by July 26, 2005.

2.    An objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector.  An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he/she submits his/her written objections.  An objector may withdraw his/her objections at any time.

3.    The Parties may file with the Court written responses to any filed objections by August 3, 2005.

33

**F.      Fairness Hearing**

1.      The Court shall conduct a hearing on the fairness of the Decree on August 10, 2005, at 10:00 a.m., or on any other date that the Court determines appropriate.

2.      If the Court disapproves all or any provision of this Decree, the Parties shall not be bound by this Settlement Agreement and Consent Decree in any way unless the participating Named Plaintiffs and Sodexho mutually agree to reaffirm the Decree without the stricken provision(s).  In the event that the participating Named Plaintiffs and Sodexho do not re-affirm the Decree without the stricken provision(s), this Decree and the underlying negotiations shall not be admissible for any purpose.  The participating Named Plaintiffs and Sodexho shall be free to renegotiate any other settlement agreement or proceed with the litigation.

3.      If the Court approves the Settlement Agreement and Consent Decree, without modification, it shall enter an appropriate order so stating.

**G.      Notice of Final Approval**

Twenty (20) days after the Effective Date of the Decree, the Claims Administrator shall mail, via first class mail, postage prepaid, Notice of the Final Settlement and Claims Process, in the form attached hereto as Exhibit F, a Claim Form and Instructions in the form attached hereto as Exhibits G and H, and a Release in the form attached hereto as Exhibit M, to the class members on the list provided by Sodexho who have not opted out of the monetary settlement in accordance with the provisions of Section IX.C.  The submission and processing of those Claim Forms, and the rights and obligations of the Parties, and the Settlement Class, shall be governed exclusively by Sections IX, X, XI and XII of this Agreement.  Neither the Claims Administrator nor the Court shall have any authority to depart from those terms.

**H.       Hotline**

The Claims Administrator shall establish a toll-free hotline that will be available to claimants who have inquiries about the claims process.

**I.       No Discouragement of Claims**

1.       Within two (2) business days of the Court's final approval of the Decree, and before the class member notice and claim forms are sent out, the Company will post the following on the Company's website (and keep it posted on the site until the 75-day claim filing period has expired):

> As many employees may know at this point, the company has reached an amicable settlement of the class action employment discrimination case filed in 2001. The company has agreed to the terms of the settlement and wants to emphasize to all employees that eligible claimants are entitled to file claims if they wish to do so and that no employee should do anything, directly or indirectly, to interfere with or discourage or prevent that from happening. If you learn of any such act of interference, you must report it to the OER immediately. If it is found that any employee has violated any of these instructions, they will be disciplined up to and including termination.
>
> As a company, we are committed to diversity and we are confident that the resolution of this matter will make Sodexho a stronger and better company. Thank you for your cooperation.

Within five (5) business days, the Company shall send the same message by means of its normal electronic communication distribution to its salaried exempt employees.

2.       The Company shall report any complaint made to the OER concerning a potential violation of the above-described policy to Class Counsel within five (5) business days. The Company shall, within three (3) weeks after receipt of the information by Sodexho, investigate the matter and prepare a written report, a copy of which shall be sent to Class Counsel.

3.       Sodexho shall not retaliate against African-American managers who submit claims in this case.

## X.      MONETARY PAYMENTS AND CLAIMS PROCEDURE

Solely as provided in Sections IX, X, and XI herein, Sodexho shall pay up to, but no more than, $80 million in full and complete satisfaction of all claims made in this case, including, without limitation, claims for economic and non-economic damages of any kind, claims for back pay, front pay, interest (including both prejudgment and post-judgment interest), claims for compensatory damages, and claims for attorneys' fees, litigation expenses, and costs through final approval of this Consent Decree.

### A.      Service Award Payments to Named Plaintiffs

To compensate participating Named Plaintiffs for the substantial time and energy that they have devoted in litigating this lawsuit, and in return for their executing and returning the signature page of this Settlement Agreement and Consent Decree to Sodexho within ten (10) calendar days of the order of preliminary approval, and in return for their timely executed Releases as provided for in Section XII.B below, Sodexho agrees that, within thirty-five (35) days after the Effective Date of the Decree, Sodexho shall make payment to each participating Named Plaintiff in the amount of $120,000.00, less applicable withholdings and deductions, if any.  These payments are in addition to any payments due under Section X.C.

### B.      Service Award Payments to Affiants, Deponents, and Executive Committee Members Who Are Not Named Plaintiffs, Affiants, or Deponents

To compensate Affiants, Deponents, and the two Executive Committee Members who are not Named Plaintiffs, Affiants, or Deponents for the time and energy that they have devoted to this litigation, and in return for timely executed Releases as provided for in Section XII.B below, Sodexho agrees that, within thirty-five (35) days after the Effective Date of the Decree, Sodexho shall make (1) payment in the amount of $40,000.00, less applicable withholdings and deductions, if any, to each Affiant who is not also a Named Plaintiff; (2) payment in the amount of $15,000.00, less applicable

withholdings and deductions, if any, to each Deponent; and (3) a payment in the amount of $120,000.00, less applicable withholdings and deductions, if any, to each of the two Executive Committee Members who is not also a Named Plaintiff, Affiant or Deponent; provided that such payment is due to each of the Executive Committee Members only if he/she executes and returns the signature page of this Settlement Agreement and Consent Decree to Sodexho within ten (10) calendar days of its preliminary approval by the Court. These payments are in addition to any payments due under Section X.C.

**C.    Monetary Payments to Settlement Class Members**

1.    In order to be an Eligible Claimant, a Settlement Class Member must:

    a.    Have not timely submitted an Opt-out Statement as provided in Section IX.C, unless they have submitted a timely rescission of that statement;

    b.    Have submitted a fully completed Sodexho Claim Form, in the form attached hereto as Exhibit G, that is postmarked no later than seventy-five (75) days after it was mailed, pursuant to Section IX.G, unless that time was extended pursuant to Section X.D.3.;

    c.    Have executed a release of claims that he or she may have against Sodexho, as provided for in Section XII.C below; and

    d.    Have attested under oath that he/she believes that, during the period of March 27, 1998 to June 1, 2004, he/she was discriminated against because of race in connection with a promotion to a salaried exempt position.

2.    Eligible Claimants shall, as applicable, be paid as follows:

    a.    Sodexho shall pay $2,000, less applicable withholdings and deductions, to each Eligible Claimant who became a salaried exempt employee between July 2, 2001 and June 1, 2004;

b.    For Eligible Claimants who were salaried exempt employees at some point between March 27, 1998 and July 1, 2001, Sodexho shall pay an amount equal to $492 for each month of salaried exempt service prior to July 1, 2001, up to a maximum of 120 months of such service, less applicable deductions and withholdings, provided that no such Eligible Claimant shall be paid less than $5,000, less applicable withholdings and deductions;

c.    In no event, shall the payments made pursuant to C.2.a and b combined exceed $51,113,333.00.

3.    A Settlement Class Member is eligible to receive payment under only one of the provisions set forth above in Section X.C.2. Except as provided in Sections X.A and X.B, Sodexho shall have no obligation to make any monetary payments to any individual Settlement Class Member other than as described in Section X.C.2. Except as provided in Sections X.A and X.B, a Settlement Class Member who does not satisfy each and every condition required for payment under Sections X.C.1 and X.C.2 shall receive no payment under this Settlement Agreement and Consent Decree.

**D.    Claims Determination Process**

**1.    Filing of Completed Claims Forms**

All claims for monetary payment shall be made in writing using the Claim Form attached as Exhibit G. All Claim Forms must be signed by the claimant under penalty of perjury. Each Settlement Class Member, including Named Plaintiffs, Affiants, Deponents and Executive Committee Members who are not also Named Plaintiffs, Affiants, or Deponents who seeks to be considered as a Eligible Claimant must submit his/her own Claim Form. All Claim Forms must be mailed to the Claims Administrator and postmarked by no later than the date that is seventy-five (75) days after it was mailed to the Settlement Class Member, pursuant to Section IX.G herein, unless that time was extended pursuant to Section X.D.3.

### 2.    Review of Claims Forms

a.    The Claims Administrator shall conduct a review of all Claim Forms, as well as data provided by Sodexho and Class Counsel concerning the time period each claimant was employed as a salaried exempt employee in light of the provisions of D.2.C below, to determine whether the claimant satisfies each and all of the criteria necessary to qualify as an Eligible Claimant, as provided for in Section X.C, and the amount of any payment that may be due.  The Claims Administrator shall also keep a computer record of all information and answers provided by all claimants, and shall submit those records to Class Counsel and Sodexho.

b.    To facilitate the Claims Administrator's review of the Claim Forms and the performance of other tasks provided for in this Decree, within fourteen (14) days after the Court grants preliminary approval of the Decree, Sodexho shall provide the Claims Administrator and Class Counsel with a list of all African-Americans who were salaried exempt employees of Sodexho in the United States at any time between March 27, 1998 and June 1, 2004, with name; social security number; last known address from Sodexho's payroll records; date of hire; date first assigned to a salaried exempt position; subject to subsection C below,  information about the months during which the employee was employed by Sodexho as a salaried exempt employee; and the date upon which employment in a salaried exempt position ceased, if any.

c.    The Company's existing personnel and payroll records shall be presumed to be correct as to any claimant's race; date of hire; date first assigned to a salaried exempt position; dates during which claimant held a salaried exempt position; and date upon which employment in a salaried exempt position ceased.  In order to overcome such presumption, a claimant must, within 10 calendar days of the mailing of the notice that his/her claim was denied, submit documentary evidence showing that the applicable company's records are inaccurate and that corrected information should be used.  In valuing each claim of a Settlement Class Member who worked for Sodexho

USA prior to March 27, 1998, the Claims Administrator shall presumptively treat 60% of the total months of service between that employee's date of hire and August 28, 1998 as salaried exempt service (which is consistent with the salaried exempt service to total service ratio for Settlement Class Members who were former Marriott Management Services employees), unless the Claimant submits to the Claims Administrator evidence establishing his/her dates of salaried exempt employment.

### 3.   Deadline for Administrator Review of All Claims

The Claims Administrator shall complete its review and issue a final determination as to all claim eligibility of all Claim Forms within ninety (90) days of the deadline for submission of Claim Forms.  No untimely filed and/or incomplete Claim Forms may be accepted by the Claims Administrator, except that the Claims Administrator may extend the deadline for receipt of claims by up to ten (10) additional days (but no more) where error or delay by United States Postal Service is established.

### 4.   Rejected Claims

a.   If the Claims Administrator rejects a claim as not meeting the terms or provisions of the Decree, the Claims Administrator shall so notify the claimant in writing and specify the eligibility criteria that the claimant failed to satisfy.

b.   If a claimant disputes the accuracy of the company's records upon which the Claims Administrator determined that the claimant did not satisfy an eligibility criteria, the claimant shall have fifteen (15) days from the mailing of the rejected claim notice to the claimant to produce to the Claims Administrator documentary evidence that demonstrates that the company's records are incorrect.  Within five (5) days, the Claims Administrator shall review any such production made and determine whether its rejection of the claim should stand or be reversed.  The Claims Administrator shall advise the claimant of its final determination in writing.

5.    **Determination -- Final and Binding**

a.      All final determinations of the Claims Administrator shall be binding and non-appealable.

b.      The Claims Administrator shall keep the Claims Forms and its determinations confidential and shall not disclose the number and/or identity of the Eligible Claimants or the value of their claims except as provided for in this Decree.

E.    **Class Monetary Distribution Procedure**

1.      No later than ten (10) days after the deadline for completion of the entire claims determination process, as provided in Sections X.D.3, X.D.4, and X.D.5, the Claims Administrator shall provide Sodexho and Class Counsel with a list of the names and social security numbers of the Eligible Claimants and the amounts they are to be paid under Section X.C.  Sodexho will forward applicable checks to the Claims Administrator for any amounts due under Section X.C within twenty-one (21) days of receiving the list from the Claims Administrator.

2.      No later than forty (40) days after the completion of the claims determination process, the Claims Administrator shall cause to be mailed, via certified mail, return receipt requested, payment checks and any appropriate 1099 forms to the Eligible Claimants to whom a payment is due.  All checks shall be negotiable for no more than one (1) year from the date of mailing.

3.      If a Settlement Class Member who is determined to be an Eligible Claimant is deceased at the time of such distribution hereunder, the amount payable to such deceased Settlement Class Member shall be paid to his or her estate, provided that the estate provides an appropriate certification to the Claims Administrator.

### F.      No Payments Attributable to Punitive Damages

Twenty-five (25) percent of payments made under this Decree shall be deemed attributable to lost back pay and/or front pay; seventy-five (75) percent of payments made under this Decree shall be deemed attributable to compensatory damages.  No payments made pursuant to this Decree are attributable to punitive damages.

### G.      Monetary Payments Limited by the Terms of the Decree

Sodexho shall not be required to make any monetary payments to Settlement Class Members, Class Counsel, Named Plaintiffs, Affiants, Deponents and/or Executive Committee Members who are not Named Plaintiffs, Affiants, or Deponents beyond those expressly provided for in this Decree.

## XI.      ATTORNEYS' FEES, LITIGATION EXPENSES, COSTS

It is agreed that Named Plaintiffs, Settlement Class Members, and Class Counsel are entitled to a court award under Title VII and § 1981 of their reasonable attorneys' fees, litigation expenses, and costs for their work and expenses (and the work and expenses of any other lawyers, contractors, and/or experts) in this action.  Sodexho has agreed to pay such a court award, up to a maximum of $26,666,667.00, in full discharge of any claim the Named Plaintiffs, Settlement Class Members, and Class Counsel have or may have for their attorneys' fees, litigation expenses and costs, and Sodexho will not oppose a request for a court award of attorneys' fees, litigation expenses, and costs up to that maximum amount, based upon the benefit conferred upon the Class.  It is agreed by the Parties that Class Counsel's efforts on behalf of the Class have conferred substantial benefits upon the members of the Class, including the monetary and non-monetary relief set out in Sections VII and X of this Decree.  It is further agreed that, because Sodexho will pay any award of reasonable attorneys' fees, litigation expenses, and costs ordered by the Court (up to the maximum liability of $26,666,667.00), participating Named Plaintiffs, Deponents, Affiants, Executive Committee Members who are not Named

Plaintiffs, Affiants or Deponents, Settlement Class Members and/or Eligible Claimants shall have neither any obligation to pay Class Counsel any attorneys' fees, litigation expenses, and/or costs nor any claim on or right to any difference between the award ordered by the Court and Sodexho's maximum liability for such an award (of $26,666,667.00).  The total amount of attorneys' fees, litigation expenses and costs ordered by the Court shall be due on the later of (1) thirty (30) days after the Effective Date or (2) thirty (30) days after the court order making such award.  Any such award by the Court shall be in full discharge of any claims for attorneys' fees, litigation expenses, and/or costs that could be made in this case, including any claim for any further legal work to be performed by Class Counsel related to monitoring, administration, and/or implementation of the Decree.

**XII.   RELEASE**

A.      This Agreement is not contingent upon all Named Plaintiffs signing the Settlement Agreement.

B.      As a precondition to and in return for the service award payments provided for in this Decree, a Named Plaintiff, Affiant, Deponent, and Executive Committee Member who is not a Named Plaintiff, Affiant, or Deponent shall execute a full and complete release of all claims that he or she has or may have against Sodexho.  A copy of the Named Plaintiff Release is attached hereto as Exhibit I; the Affiant Release is attached hereto as Exhibit J; the Deponent Release is attached as Exhibit K; and the Executive Committee Member Release is attached as Exhibit L.  Each Named Plaintiff, Affiant, Deponent, and Executive Committee Member who is not a Named Plaintiff or Affiant shall submit his/her executed Release to Sodexho within twenty-one (21) days after the Effective Date of the Decree.

C.      As a precondition to and in return for the payments provided for in Section X.C.2 of this Decree, each Eligible Claimant shall execute a full and complete release of all claims that he or she has or may have against Sodexho, a copy of which is attached

43

hereto as Exhibit M, and submit same to the McReynolds Claims Administrator at the same time that he/she submits his/her Claim Form.  The McReynolds Claims Administrator shall provide copies of all executed releases to Sodexho.

      D.      Class Injunctive Relief -- In return for the consideration provided for in this Consent Decree, on the Effective Date of this Decree, each Settlement Class Member releases Sodexho and its officers, directors, parents, subsidiaries, affiliates, successors, insurers, employees, attorneys and agents ("Released Parties") from any and all past, present and future claims, liabilities, obligations, demands, and actions, whether known or unknown, that were brought, could have been brought, or that could be brought in these actions against the Released Parties for injunctive or declaratory relief relating to all issues in the McReynolds Action.  This release is intended to bind all Settlement Class Members and to preclude such members from asserting or initiating future claims for injunctive or declaratory relief for the duration of the Decree, with respect to the issues in the McReynolds Action and/or the subject matter of this Decree.

      E.      Class Monetary Relief -- In return for the consideration provided for in this Decree, on the Effective Date of this Decree, each Settlement Class Member who has not opted out releases Sodexho and  its officers, directors, parents, subsidiaries, affiliates, successors, insurers, employees, attorneys and agents ("Released Parties") from any and all past, present and future claims, liabilities, obligations, demands, and actions, whether known or unknown, that were brought, could have been brought, or that could be brought in these actions against the Released Parties for monetary relief, including, but not limited to, compensatory and punitive damages and attorneys' fees and costs, relating to all claims and issues in the McReynolds Action that were brought or could have been brought.

## XIII.   DISPUTE RESOLUTION

Except as otherwise set forth herein, all disputes concerning compliance with this Decree shall be resolved pursuant to the following dispute resolution procedure:

A.      If during the term of the Decree, either participating Named Plaintiffs or Sodexho believe that the other party has breached this Decree, that party shall notify the other party in writing of the alleged violation.

B.      Upon receiving notice of an alleged violation, the responding party shall have forty-five (45) days to correct the alleged violation and/or respond to the initiating party with reasons why the party disputes all or part of the allegation.

C.      If the response does not address the alleged violation to the initiating party's satisfaction, the parties shall negotiate in good faith for up to forty-five (45) days in an attempt to resolve their differences.

D.      If participating Named Plaintiffs and Sodexho are unable to resolve their differences after sixty (60) days, either party may file an appropriate motion for enforcement with the Court.

E.      While contempt sanctions may be considered by the Court upon such motion following exhaustion of this dispute resolution process, a contempt sanction will not be imposed unless applicable and controlling legal standards are met, and the Court finds that there has been a material breach of this Decree.

F.      In considering an enforcement motion under this Decree, the Court will be bound by the terms of this Decree and will only have jurisdiction to enforce it.

G.      Reasonable fees and costs for work done preparing and litigating a motion under paragraph D may be recovered by any party that prevails.

## XIV.  NON-DISPARAGEMENT

A.     The Parties and their counsel have entered into this Settlement Agreement with the hope and expectation that Sodexho will enjoy, for many years to come, a strong and mutually beneficial relationship with all its employees.

B.     The Parties agree not to disparage each other, and Named Plaintiffs, Executive Committee Members and Class Counsel agree to refrain from publicly or in the media taking any action designed to harm the public perception of the Company. Nothing in this clause shall prevent Named Plaintiffs, Executive Committee Members and Class Counsel from giving sworn testimony as required.

C.     Participating Named Plaintiffs agree that their counsel will modify any website(s) relating to the McReynolds Action within five (5) business days after the Court grants preliminary approval to the Decree to ensure consistency with Section XIV.A.

D.     It is the intention of the named Parties and their counsel that any public statements about this case will be consistent with this provision.

SO ORDERED, ADJUDGED AND DECREED this 3/ day of April ,
2005.

_Ellen Segal Huvelle_
Ellen Segal Huvelle
United States District Court Judge

Agreed to in form                          Agreed to in form

FOR THE PLAINTIFFS:                        FOR THE DEFENDANT:

KAYE SCHOLER, LLP                          JONES DAY

_Larry R. Feldman_                         _Glen D. Nager / ABM_
Larry R. Feldman                           Glen D. Nager
                                           Alison B. Marshall

_Kerry Alan Scanlon_                       _Robert A. Stern_
Kerry Alan Scanlon                         Robert Stern
Class Counsel                              Senior Vice President & General Counsel

Dated: *April 26, 2005*                By: *[signature]*
                                           Cynthia Carter McReynolds
                                           PLAINTIFF

Dated: *4-26-2005*                     By: *[signature]*
                                           Samuel Cokes
                                           PLAINTIFF

Dated: _____                 By: _____
                                           Gail Darlington Delay
                                           PLAINTIFF

Dated: _____                 By: _____
                                           Tarsha Ann Hardy
                                           PLAINTIFF

Dated: *4/29-05*                       By: *[signature]*
                                           Marilyn McNish
                                           PLAINTIFF

Dated: _____                 By: _____
                                           Lisa Mitchell
                                           PLAINTIFF

Dated: _____                 By: *[signature]*
                                           Robert Morris, Jr.
                                           PLAINTIFF

Dated: _____                 By: *[signature]*
                                           Chip Moss
                                           PLAINTIFF

Dated: *4-28-2005*                     By: *[signature]*
                                           Ezzie Murray
                                           PLAINTIFF

Dated: _____                 By: _____
                                           Dwain Richardson
                                           PLAINTIFF

Dated: 5/1/05

By: _____
Ellen Early
EXECUTIVE COMMITTEE
MEMBER

Dated: 5/1/05

By: _____
Kerry Britt
EXECUTIVE COMMITTEE
MEMBER

Dated: _____     By: _____
                                  Cynthia Carter McReynolds
                                  PLAINTIFF

Dated: _____     By: _____
                                  Samuel Cokes
                                  PLAINTIFF

Dated: 4/27/05               By: _Gail Darlington De Lay_
                                  Gail Darlington Delay
                                  PLAINTIFF

Dated: _____     By: _____
                                  Tarsha Ann Hardy
                                  PLAINTIFF

Dated: _____     By: _Marilyn McNish_
                                  Marilyn McNish
                                  PLAINTIFF

Dated: _____     By: _____
                                  Lisa Mitchell
                                  PLAINTIFF

Dated: _____     By: _____
                                  Robert Morris, Jr.
                                  PLAINTIFF

Dated: _____     By: _____
                                  Chip Moss
                                  PLAINTIFF

Dated: _____     By: _____
                                  Ezzie Murray
                                  PLAINTIFF

Dated: _____     By: _____
                                  Dwain Richardson
                                  PLAINTIFF

Dated: _____     By: _____
                                  Cynthia Carter McReynolds
                                  PLAINTIFF

Dated: _____     By: _____
                                  Samuel Cokes
                                  PLAINTIFF

Dated: _____     By: _____
                                  Gail Darlington Delay
                                  PLAINTIFF

Dated: _____     By: _____
                                  Tarsha Ann Hardy
                                  PLAINTIFF

Dated: _____     By: _____
                                  Marilyn McNish
                                  PLAINTIFF

Dated: _4-28-2005_           By: _____
                                  Lisa Mitchell
                                  PLAINTIFF

Dated: _____     By: _____
                                  Robert Morris, Jr.
                                  PLAINTIFF

Dated: _____     By: _____
                                  Chip Moss
                                  PLAINTIFF

Dated: _____     By: _____
                                  Ezzie Murray
                                  PLAINTIFF

Dated: _____     By: _____
                                  Dwain Richardson
                                  PLAINTIFF

Dated: _____     By: _____

Cynthia Carter McReynolds
PLAINTIFF

Dated: _____     By: _____

Samuel Cokes
PLAINTIFF

Dated: _____     By: _____

Gail Darlington Delay
PLAINTIFF

Dated: 4/28/05              By: _____

Tarsha Ann Hardy
PLAINTIFF

Dated: _____     By: _____

Marilyn McNish
PLAINTIFF

Dated: _____     By: _____

Lisa Mitchell
PLAINTIFF

Dated: _____     By: _____

Robert Morris, Jr.
PLAINTIFF

Dated: _____     By: _____

Chip Moss
PLAINTIFF

Dated: _____     By: _____

Ezzie Murray
PLAINTIFF

Dated: _____     By: _____

Dwain Richardson
PLAINTIFF

Dated: _____     By: _____
                               Cynthia Carter McReynolds
                               PLAINTIFF

Dated: _____     By: _____
                               Samuel Cokes
                               PLAINTIFF

Dated: _____     By: _____
                               Gail Darlington Delay
                               PLAINTIFF

Dated: _____     By: _____
                               Tarsha Ann Hardy
                               PLAINTIFF

Dated: _____     By: _____
                               Marilyn McNish
                               PLAINTIFF

Dated: _____     By: _____
                               Lisa Mitchell
                               PLAINTIFF

Dated: _____     By: _____
                               Robert Morris, Jr.
                               PLAINTIFF

Dated: _____     By: _____
                               Chip Moss
                               PLAINTIFF

Dated: _____     By: _____
                               Ezzie Murray
                               PLAINTIFF

Dated: 4/27/05             By: _Dwain P. Richardson_
                               Dwain Richardson
                               PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA CARTER MCREYNOLDS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SODEXHO MARRIOTT SERVICES, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:01-CV-00510 (ESH) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **PROPOSED ORDER**

This matter having come before the Court for hearing on _____,

for approval of the settlement set forth in the Settlement Agreement and Consent Decree

("Decree") between plaintiffs and defendant Sodexho, Inc. ("Sodexho"), due and adequate

notice having been given to the Settlement Class Members as required by the Court's

_____ Order, and the Court having considered all papers filed and

proceedings had herein and good cause appearing therefor, it is

ORDERED, ADJUDGED AND DECREED THAT:

1.      All terms used herein shall have the same meaning as defined in the

Decree.

2.      This Court has jurisdiction over the subject matter of this litigation and

over all Parties to this litigation, including all Settlement Class Members.

3.      Individual notice directed to the Settlement Class Members as set forth in

the Decree and the other matters set forth herein have been completed in accordance with

the Preliminary Approval Order.  This Notice provided due and adequate notice of the

proceedings and the matters set forth therein, including the Decree, to all persons entitled

to such Notice, and the Notice fully satisfied the requirements of due process.

**EXHIBIT A**

1

4.      This Court hereby approves the Decree and finds that the Decree is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Decree according to its terms. The Court finds that the Decree has been reached as a result of intensive, serious, and non-collusive arms-length negotiations.  The Court finds that counsel for the Parties are able to reasonably evaluate their respective positions.  The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the claims covered by the Decree.  The Court has reviewed the relief granted as part of the Decree and recognizes the significant value to the settlement class of both the injunctive and the monetary relief.  The Court also finds that the two settlement subclasses, one for monetary relief and one for injunctive relief, are properly certified as settlement classes only pursuant to the standards set forth in Fed. R. Civ. P. 23.  Accordingly, the Court orders that the Decree be given full effect.

5.      As of the Effective Date, each and every released claim of each and every Settlement Class Member who has not timely opted-out is and shall be deemed to be conclusively released as against Sodexho.  All Settlement Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting the released claims against Sodexho, as provided in Sections XII.D and E of the Decree.

6.      The Court orders mailed notice of final approval and the claims process as provided in the Decree.

7.      The Court orders the claims process to be effectuated as provided in the Decree.

8.      The Court shall retain jurisdiction of this action only for the purpose of entering orders that are authorized by the Decree.

9.      All claims in the action are dismissed with prejudice.

**EXHIBIT A**

2

Dated:_____, 2005

                                          _____
                                          ELLEN SEGAL HUVELLE
                                          UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

3

**NOTICE OF PRELIMINARY APPROVAL OF CONSENT DECREE**
*Cynthia Carter McReynolds, et al. v. Sodexho Marriott Services, Inc.*

**PLEASE READ THIS NOTICE AS IT MAY AFFECT YOUR LEGAL RIGHTS**

## I.   INTRODUCTION

The purpose of this notice is to inform you of a proposed settlement of all claims in the civil action captioned *McReynolds, et al. v. Sodexho Marriott Services, Inc.*, Case No. 01-CV-00510 (ESH) ("*McReynolds Action*").  Sodexho Marriott Services, Inc. is now known as Sodexho, Inc. ("Sodexho").  United States District Court Judge Ellen Huvelle has granted preliminary approval of a Settlement Agreement and Consent Decree ("Decree").  This notice sets forth the terms of the proposed settlement as well as your rights under this settlement. This notice is being sent to you because you may be a class member eligible to make a claim for a monetary award.

Please read this notice carefully because your rights may be affected by this lawsuit. This notice summarizes the proposed settlement and advises you of the status of the lawsuit, including a statement of your rights with respect to a proposed settlement class, the opportunity to opt out of the monetary portion of the proposed settlement, and the opportunity to file with the Court an objection to the settlement.

## II.   BACKGROUND

On March 9, 2001, ten current and former salaried exempt employees of Sodexho filed a complaint against Sodexho, alleging race discrimination in promotions, compensation, discipline, training, benefits, and transfers and lateral moves on behalf of themselves and putatively on behalf of a class of similarly situated current and former salaried exempt African-American employees.  They alleged both disparate impact and disparate treatment pattern and practice claims.  The Plaintiffs' claims are brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981.

On June 22, 2002, this Court granted Plaintiffs' Motion for Class Certification.  Pursuant to Fed. R. Civ. P. 23(b)(2), the Court certified, for liability purposes only, a class:

> of all African-Americans who are or were salaried employees of Sodexho [] at any time from March 9, 1998, to the present, and who have held or sought to obtain (1) an upper-level managerial, supervisory, or professional position (above-the-unit or comparable level of responsibility) or (2) a job that would lead to such a position, and who have been, continue to be, or may in the future be adversely impacted by Sodexho's racially discriminatory policies and practices affecting promotions or advancement.

Subsequently, on January 14, 2003, the Court issued an Order limiting the class to salaried African-American employees who were employed by Sodexho between March 27, 1998 and July 1, 2001 and limiting the liability period.

The *McReynolds Action* has been vigorously prosecuted and defended.  Since June 2002, the parties have engaged in extensive discovery, including taking dozens of depositions, exchanging numerous expert reports, and producing over 100,000 pages of documents. Pursuant to the Court's scheduling order, discovery closed on February 29, 2004.  Trial was scheduled to begin on May 2, 2005.

**EXHIBIT B**

1

The parties have negotiated a class settlement and will seek certification of the settlement classes for monetary and injunctive relief.  Class Counsel have extensively reviewed the Settlement and concluded that the terms and conditions of the Settlement are fair, reasonable, and in the best interests of the Settlement Classes.  In reaching this conclusion, Class Counsel have analyzed the benefits of the settlement, the likely outcome of further litigation, and the expenses and length of continued proceedings necessary to prosecute the case further through trial and possible appeals.

This Decree resolves all issues and claims raised in the *McReynolds Action.* By entering into this Settlement, Sodexho does not admit any fault or wrongdoing.  Sodexho denies any and all liability to the Named Plaintiffs and the class and denies that it has violated any laws.  No finding of liability has been made.

## III.   DEFINITION OF CLASS

 The Parties have negotiated a class settlement and are seeking certification of settlement classes for monetary and injunctive relief as part of the process for seeking approval of this Decree.  The Court has conditionally certified the class as follows:

For purposes of monetary relief, the settlement class consists of all African-Americans who (1) were salaried exempt employees of Sodexho in the United States at any time between March 27, 1998 and June 1, 2004 and (2) do not opt out of the class.

For purposes of injunctive relief, the settlement class consists of all African-Americans who were salaried exempt employees of Sodexho in the United States at any time between March 27, 1998 and the Effective Date.

## IV.   SUMMARY OF PROPOSED SETTLEMENT

### A.   INJUNCTIVE RELIEF

Under the terms of the Decree, Sodexho has agreed to (1) communicate effectively its statement of commitment to diversity, (2) conduct EEO and diversity training for its managers, (3) post open salaried exempt positions, (4) develop and implement a validated selection process, (5) develop and implement new performance management tools, (6) maintain a diversity and inclusion component to the annual bonus plan for managers, (7) maintain an Office of Employment Rights to investigate and resolve internal complaints of employment discrimination by salaried exempt employees, (8) include non-discrimination provisions in its proposals and new contracts proposed for new or existing business, (9)  recognize and support employee affinity groups, and (10) recognize a panel of Decree Monitors who will monitor the implementation of the non-monetary or injunctive provisions of the Decree.

### B.   MONETARY RELIEF

Sodexho has agreed to pay up to, but no more than, $80 million in full and complete satisfaction of all claims made in the *McReynolds Action,* including, without limitation, claims for economic and non-economic damages of any kind, claims for back pay, front pay, interest (including prejudgment and postjudgment interest), claims for compensatory damages, and claims for attorneys' fees, litigation expenses and costs through final approval of the Consent Decree. The amount of money available to be paid to Named Plaintiffs, and other persons who participated in the litigation and to eligible settlement class members, under conditions set forth in the Decree, is approximately $53.3 million.  The remainder is available to finance a court

**EXHIBIT B**

2

award of attorneys' fees, litigation expenses and costs to class counsel.

To be an Eligible Claimant under the Decree, an individual must (1) satisfy the definition of a Settlement Class Member; (2) not have opted out; (3) have timely submitted a completed Sodexho Claim Form attesting that he/she believes that, during the period March 27, 1998 and June 1, 2004, he/she was discriminated against because of race in connection with a promotion to a salaried exempt position; and (4) have executed a release of claims that he or she may have against Sodexho.

Under the Decree, eligible Settlement Class Members who became salaried exempt employees between July 2, 2001 and June 1, 2004 may file a claim for payment of $2,000, less applicable withholdings and deductions.  Eligible Settlement Class Members who were salaried exempt employees at any time between March 27, 1998 and July 1, 2001 may file a claim for payment of $492 per month of salaried exempt service prior to July 1, 2001, up to a maximum of 120 months of such service, less applicable deductions and withholdings, provided that no such claimant shall be paid less than $5,000, less applicable deductions and withholdings.

## V.    ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS

Under the terms of the Decree, Plaintiffs may apply to the Court for an award of attorneys' fees, litigation expenses, and costs for their six years of work and expenses (and the work and expenses of contractors and experts) in this action.  Sodexho has agreed to pay the amount awarded by the Court up to a maximum of $26,666,667.00 in full discharge of any claim the Named Plaintiffs, Settlement Class Members and Class Counsel have for their attorneys' fees, litigation expenses, and costs.  The Parties agree that Class Counsel's efforts on behalf of the Class have conferred substantial monetary and non-monetary benefits upon the members of the Class.

## VI.    CLAIMS PROCEDURE

A class member who wishes to submit a claim will have to complete and timely submit a Claim Form to the Claims Administrator, POSTMARKED NO LATER THAN seventy-five (75) days after the Claims Administrator mailed to the class member the Notice of Final Approval, Claims Form and Claims Form Instructions, and state under oath that: (1) he/she is African-American and (2) he/she believes that, during the period March 27, 1998 to June 1, 2004, he/she was discriminated against because of race in connection with a promotion to a salaried exempt position.

If the Court grants final approval to this Settlement Agreement Decree, a separate notice will be sent to you along with a Claims Form and Instructions for completing and filing the Claims Form.

## VII.    BINDING EFFECT

The proposed Settlement Agreement and Consent Decree, if finally approved by the Court, will bind all members of the Settlement Class.  It will bar any person who is a member of the Settlement Class from seeking injunctive relief for any claims relating to all issues in the *McReynolds Action* up through the Effective Date of the Decree.  It will also bar any person who is a member of the Settlement Class and who does not opt out of this Settlement from pursuing any claims for monetary relief arising from and/or relating to all issues in the *McReynolds Action* up through the Effective Date.

**EXHIBIT B**

3

## VIII.   HEARING ON PROPOSED SETTLEMENT

The Court has scheduled a hearing for August 10, 2005, at 10 a.m. in the Courtroom of the Honorable Ellen Huvelle, United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington, DC 20001, to determine whether the settlement is fair and reasonable and should be finally approved.

It is not necessary for you to appear at the hearing.  If you wish to appear at the Hearing in person or through your own attorney, you or your attorney must notify the Claims Administrator at the time that you submit your objections.

## IX.   OPT-OUT RIGHTS AND PROCEDURE

If you do not want to be part of the class for purposes of monetary relief, you may exclude yourself by filing a written "Opt-out"statement with the McReynolds Claims Administrator at _____.  You may not opt out of the injunctive relief provisions of the Decree.  Your Opt-out statement must be postmarked on or before June 22, 2005.

If you opt out of the class for purposes of monetary relief (1) you will have no right to file a claim or receive any monetary payment under this settlement; (2) you will not be bound by the monetary settlement in this lawsuit; and (3) you may bring a separate lawsuit or other legal proceeding against Sodexho for monetary relief by yourself.  However, if you opt-out of this lawsuit and bring a separate lawsuit or other legal proceeding, you may lose your case and receive nothing, it may take several years to obtain any money, or you may obtain less money than you can get under this settlement.

If you decide to opt-out of the class for purposes of monetary relief, you may wish to seek an attorney.  Ethical rules prohibit Class Counsel from representing individuals who opt out of the class action settlement.

To opt out of this lawsuit, you must submit your full name, address, social security number and a signed and dated copy of the following opt-out statement:

I wish to opt out of the monetary portion of the settlement of the *McReynolds Action*.  I understand that by requesting to be excluded from the class monetary settlement, I will receive no money from the settlement in accordance with the Consent Decree entered into by Sodexho.  I understand that if I am excluded from the class monetary settlement, I may bring a separate action seeking damages.  I understand that in any separate lawsuit, I may receive nothing or less than I would have received if I had filed a claim under the monetary relief provision of the Decree.  I also understand that I may not seek exclusion from the class for non-monetary relief, and that I will be bound by the class injunctive provisions of the Consent Decree entered into by Sodexho if the settlement is approved by the Court.

## X.   OBJECTIONS

If you believe that the Court for any reason should not finally approve the proposed Decree, you may object to it.  If you want to object to the proposed Decree, you must file an objection in writing with the McReynolds Claims Administrator at _____.  All written objections must be <u>received</u> by the McReynolds Claims Administrator on or before July 22, 2005.  All objections must state the

**EXHIBIT B**

name and civil action number of the *McReynolds Action*, which is *McReynolds et al. v. Sodexho Marriott Services, Inc.*, Case No. 01-cv-00510 (ESH).

The McReynolds Claims Administrator will, prior to the final approval hearing, file with the Court all timely submitted objections.

## XI.   ADDITIONAL INFORMATION

The pleadings and other records in the litigation, including a complete copy of the Consent Decree, may be examined during regular office hours at the office of the Clerk of the United States District Court of the District of Columbia, United States Courthouse located at 333 Constitution Avenue, N.W., Washington, DC 20001.  You may also obtain copies of any of these documents at your own expense by contacting the Clerk of the Court at that address.

If you have any questions about this notice, you may call the McReynolds Claims Administrator at _____ or Class Counsel, Kaye Scholer LLP at (202) 682-3500.

**PLEASE DO NOT CONTACT THE JUDGE DIRECTLY ABOUT THE SETTLEMENT OF THIS CASE**.

**EXHIBIT B**

5

**TO BE PLACED IN USA TODAY**
**NOTICE OF PRELIMINARY APPROVAL OF CONSENT DECREE**
*Cynthia Carter McReynolds, et al. v. Sodexho Marriott Services, Inc.*

**PLEASE READ THIS NOTICE AS IT MAY AFFECT YOUR LEGAL RIGHTS**

This notice is to inform you of a proposed settlement of all claims in a nationwide race discrimination class action captioned *McReynolds, et al. v. Sodexho Marriott Services, Inc.*, Case No. 01-CV-00510 (ESH) ("*McReynolds Action*"). Sodexho Marriott Services, Inc. is now known as Sodexho, Inc. ("Sodexho"). Ten current and former salaried exempt Sodexho employees filed this lawsuit in 2001 alleging race discrimination in promotions. United States District Court Judge Ellen Segal Huvelle has granted preliminary approval of a Settlement Agreement and Consent Decree ("Decree"). This notice sets forth some of the terms of the proposed settlement as well as your rights under this settlement.

The Parties have negotiated a class settlement and are seeking certification of settlement classes for monetary and injunctive relief as part of the process for seeking approval of this Decree. The Settlement Class for monetary relief consists of all African-Americans who were salaried exempt employees of Sodexho in the United States at any time between March 27, 1998 and June 1, 2004. The Settlement Class for injunctive relief consists of all African-Americans who were salaried exempt employees of Sodexho in the United States at any time between March 27, 1998 and the Effective Date of the Decree.

Notice has been sent by first class mail, postage prepaid, to all persons who meet this definition at their last known addresses as recorded in Sodexho's payroll records. If you have not received this Notice and wish to do so, please contact the McReynolds Claims Administrator at 1-800_____.

By entering into this Settlement, Sodexho does not admit any fault or wrongdoing. No finding of liability has been made.

Under the terms of the Decree, Sodexho has agreed to (1) communicate its statement of commitment to diversity; (2) conduct EEO and diversity training for its managers; (3) post open salaried exempt positions; (4) develop and implement a validated selection process; (5) develop and implement new performance management tools; (6) maintain a diversity and inclusion component to the annual bonus plan for managers; (7) maintain an Office of Employment Rights to investigate and resolve internal complaints of employment discrimination by salaried exempt employees; (8) include non-discrimination provisions in its proposals and new contracts proposed for new or existing business; (9) recognize and support employee affinity groups; and (10) recognize a panel of Decree Monitors.

Sodexho has also agreed to pay up to $80 million in full and complete satisfaction of all claims in this case, including all claims for economic and non-economic monetary damages of any kind, including, claims for back pay, front pay, interest (including both prejudgment and post judgment interest), and compensatory damages, as well as all claims for attorneys' fees, litigation expenses, and costs through final approval of this Consent Decree.

To be an Eligible Claimant, an individual must (1) satisfy the definition of a Settlement Class Member; (2) have timely submitted a Claim Form indicating that, during the period March

**EXHIBIT C**

1

27, 1998 to June 1, 2004,  the class member believes that he or she was discriminated against because of race in connection with a promotion to a salaried exempt position at Sodexho; and (3) have executed a release of claims.

Under the Decree, eligible claimants who became salaried exempt employees between July 2, 2001 and June 1, 2004 may file a claim for payment of $2000, less applicable withholdings and deductions.  Eligible claimants who were salaried exempt employees at any time between March 27, 1998 and July 1, 2001 may file a claim for payment of $492 per month of salaried exempt service prior to July 1, 2001, up to a maximum of 120 months of such services, less applicable deductions and withholdings, provided that no such claimant shall be paid less than $5,000, less applicable deductions and withholdings.

The proposed Settlement Agreement and Consent Decree, if finally approved by the Court, will bind all members of the Settlement Class.  It will bar any person who is a member of the Settlement Class from seeking injunctive relief for any claims relating to all issues in the *McReynolds Action* up through the Effective Date of the Decree.  It will also bar any person who is a member of the Settlement Class and who does not opt out of this Settlement from pursuing any claims for monetary relief arising from and/or relating to all issues in the *McReynolds Action* up through the Effective Date.

The Court has scheduled a hearing for August 10, 2005, at 10 a.m. in the Courtroom of the Honorable Ellen Segal Huvelle, United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington, D.C. 20001, to determine whether the settlement is fair and reasonable and should be finally approved.

If you do not want to be part of the class for purposes of monetary relief, you must submit your full name, address, social security number and a signed and dated copy of the opt-out statement to the McReynolds Claims Administrator.  You may not opt out of the injunctive relief provisions of the Decree.  Your opt-out statement must be postmarked on or before June 22, 2005.

If you do not want to opt-out of the lawsuit, but believe that the Court for any reason should not finally approve the proposed Decree, you may object to it.  If you want to object to the proposed Decree, you must file an objection in writing with the McReynolds Claims Administrator.  All written objections must be <u>received</u> by the McReynolds Claims Administrator on or before July 22, 2005.

The pleadings and other records in the litigation, including a complete copy of the Consent Decree, may be examined during regular office hours at the office of the Clerk of the United States District Court of the District of Columbia, United States Courthouse located at 333 Constitution Avenue, N.W., Washington, D.C. 20001.  For a copy of the mailed Notice, you may contact the McReynolds Claims Administrator at 1-800-_____.

**EXHIBIT C**

2

## FORM OPT-OUT STATEMENT
### *Cynthia Carter McReynolds, et al. v. Sodexho Marriott Services, Inc.*

I wish to opt out of the monetary portion of the settlement of the McReynolds Action.  I understand that by requesting to be excluded from the class monetary settlement, I will receive no money  from the settlement in accordance with the Consent Decree entered into by Sodexho.  I understand that if I am excluded from the class monetary settlement, I may bring a separate action seeking damages.  I understand that in any separate lawsuit, I may receive nothing or less than I would have received if I had filed a claim under the monetary relief provision of the Decree.  I also understand that I may not seek exclusion from the class for non-monetary relief, and that I will be bound by the class injunctive provisions of the Consent Decree entered into by Sodexho if the settlement is approved by the Court.


_____

Print Name


_____

Signature


**MAIL TO MCREYNOLDS CLAIMS ADMINISTRATOR AT**
**Address**


**MUST BE POSTMARKED NOT LATER THAN _____.**


**EXHIBIT D**

## RESCISSION OF OPT-OUT FORM

I previously submitted an opt-out statement to the McReynolds Claims Administrator, requesting that I be excluded from the *McReynolds, et al. v. Sodexho Marriott Services, Inc.* Settlement Class.  I now hereby exercise my right under Section IX.C.4 of the Decree to rescind my previous request to opt-out of the Settlement Class.  I wish to continue in this case as a Settlement Class Member with all of the rights and benefits afforded to me under the Consent Decree.

I understand that, in order to exercise my right to rescind my opt-out request, I must submit this form to the McReynolds Claims Administrator at the address below no later than fourteen (14) days prior to the final approval hearing for the Consent Decree.

Executed on this _____ day of _____, 2005.

_____

Signature

_____

Printed Name

**SEND THIS FORM NO LATER THAN _____, TO THIS ADDRESS:**

McReynolds Claims Administrator
**(Address)**

**EXHIBIT E**

## NOTICE OF FINAL APPROVAL OF CONSENT DECREE
### *Cynthia Carter McReynolds, et al. v. Sodexho Marriott Services, Inc.*

## PLEASE READ THIS NOTICE AS IT MAY AFFECT YOUR LEGAL RIGHTS

The purpose of this notice is to inform you that United States District Court Judge Ellen Huvelle has granted final approval of the Settlement Agreement and Consent Decree ("Decree") in the civil action captioned *McReynolds et al. v. Sodexho Marriott Services, Inc.*, Case No. 01-cv-00510 (ESH) ("*McReynolds Action*"). Sodexho Marriott Services, Inc. is now known as Sodexho, Inc. ("Sodexho").

Sodexho has agreed to pay up to, but no more than, $80 million in full and complete satisfaction of all claims made in the *McReynolds Action*, including, without limitation, claims for economic and non-economic damages of any kind, claims for back pay, front pay, interest (including prejudgment and postjudgment interest), claims for compensatory damages, and claims for attorneys' fees, litigation expenses, and costs through final approval of the Consent Decree.

If you are African-American and were a salaried, exempt employee of Sodexho in the United States at any time between March 27, 1998 and June 1, 2004, you may qualify for a monetary award as a result of this settlement. In order to seek an award from the settlement, YOU MUST TIMELY SUBMIT A COMPLETED, SIGNED CLAIM FORM AND A SIGNED RELEASE.

Under the Decree, eligible Settlement Class Members who became salaried exempt employees between July 2, 2001 and June 1, 2004 may file a claim for payment of $2,000, less applicable withholdings and deductions. Eligible Settlement Class Members who were salaried exempt employees at any time between March 27, 1998 and July 1, 2001 may file a claim for payment of $492 per month of salaried exempt service prior to July 1, 2001, up to a maximum of 120 months of such service, less applicable deductions and withholdings, provided that no such claimant shall be paid less than $5,000, less applicable deductions and withholdings.

A Claim Form, Instructions for Completing and Filing a Claim Form, and a Release are enclosed with this Notice. The Claim Form and the Release must both be mailed to the Claims Administrator and postmarked by no later than _____[insert date that is seventy-five (75) days after the Claims Administrator mails out the final notice and claim forms]_____.

The Claims Administrator can be reached at:

### McReynolds Claims Administrator
### Address
### Toll Free Phone Number

All questions should be directed to the Claims Administrator. Please do not contact Sodexho.

**EXHIBIT F**

# CLAIM FORM

*McReynolds, et al. v. Sodexho Marriott Services, Inc.,*
Civil Action No. 1:01-CV-00510 (ESH)

**IT IS IMPORTANT THAT YOU READ THE ATTACHED INSTRUCTIONS BEFORE YOU BEGIN FILLING OUT THIS CLAIM FORM**

**TO BE VALID, YOUR CLAIM FORM MUST BE POSTMARKED ON OR BEFORE _____(date)**

1.  Full Name: _____
    Last    First    Middle

2.  Current Address:_____
    No.   Street Name   Apt. No.

    _____
    City    State    Zip Code

3.  Home Telephone Number:_____

4.  Cellular Telephone Number: _____

5.  E-Mail Address:_____

6.  Social Security Number:_____

7.  Race: (check the applicable box)

    Caucasian [  ]   Black/African-American [  ]  Hispanic [  ]

    Asian [  ]  Native American [  ]  Other [  ]

8.  Date of Birth:_____

9.  To the best of your recollection, please provide the dates of your employment as a salaried exempt employee with Sodexho Marriott Services, Marriott Management Services, Sodexho USA, or their predecessor companies. For example, if you were first hired in April 1994 as an hourly worker and were promoted to a salaried exempt worker in November 1996, then you should provide November 1996 as the first of your employment as a salaried exempt employee.

    _____/_____  until  _____/_____
    month/year      month/ year

**EXHIBIT G**

1

10. Do you believe that, during the period March 27, 1998 to June 1, 2004, you were discriminated against because of race in connection with a promotion to a salaried exempt position? (check the appropriate box)

     Yes [   ]            No [   ]

I declare, under penalty of perjury, that all of the information that I have provided on this Claim Form is true and correct.

Date: _____

                    _____
                    Signature

                    _____
                    Printed Name

**You MUST complete and SIGN you Claim Form in order for it to be considered.**

**To be valid, your Claim Form must be postmarked on or before _____. Late Claim Forms will not be considered.**

**Your Completed and Signed Claim Form must be mailed with the signed Release to:**

**McReynolds Claims Administrator**
**(Address)**

**RETALIATION AGAINST A PERSON FOR FILING A CLAIM
IS ILLEGAL AND VIOLATES THE CONSENT DECREE.**

**EXHIBIT G**

2

# CLAIM FORM INSTRUCTIONS

*Cynthia Carter McReynolds, et al. v. Sodexho Marriott Services, Inc.*

**Read Carefully <u>Before</u> You Complete the Attached Claim Form.**

1.  To be eligible to file a claim in this case, you must be a member of the Settlement Class.

2.  For purposes of monetary relief, the settlement class consists of all African Americans who (a) were salaried exempt employees of Sodexho in the United States at any time between March 27, 1998 and June 1, 2004 and (b) did not opt out of the class.

3.  You cannot participate in this claims process if you filed an Opt-Out Statement requesting to be excluded from the monetary relief portion of the Settlement.

4.  To qualify as an Eligible Claimant, you must attest under oath that you believe that, during the period March 27, 1998 to June 1, 2004, you were discriminated against because of race in connection with a promotion to a salaried exempt position.

5.  To qualify as an Eligible Claimant, you must satisfy each of the conditions for eligibility set forth in Section X of the Decree.

6.  To qualify as an Eligible Claimant, you must execute the enclosed Release of claims and return the Release to the McReynolds Claims Administrator with your Claim Form.

7.  Each person who wishes to make a claim must submit his or her own Claim Form.

8.  You must answer all questions and fill in all applicable blanks on the Claim Form. Failure to complete the Claim Form will result in your claim being denied.

9.  In filling out your Claim Form, please print legibly or type.

10. By signing your Claim Form, you are declaring under penalty of perjury that the information on the form is true and correct.

11. Your Claim Form must be completed in full and must be mailed and postmarked on or before _____ or **your claim will be denied.**

12. If you want further information about the settlement or have questions about these instructions or about how to complete the Claim Form, please call the McReynolds Claims Administrator, at 1-800-[_____] or call Class Counsel at (202) 682-3500. Do not call the Court, the Clerk of Court, or Sodexho.

13. Filing this Claim Form does not automatically guarantee that you will receive an award of monetary relief as part of the Settlement of the *McReynolds Action*. Your Claim Form with be subject to review and verification by the Claims Administrator.

**EXHIBIT H**

1

14. It is your responsibility to keep the Claims Administrator advised of any change in your address. If you do not keep the Claims Administrator advised of your current address, any monetary award to which you may be found entitled could be forfeited. Any change of address should be reported along with your complete name and signature, Social Security number, and former address.

15. All communications to the Claims Administrator should be sent to:

**McReynolds Claims Administrator**
**Address**

16. You do not need to have an attorney to help you submit a Claim Form. However, if you wish to consult with your own attorney, you may do so at your own expense, or you may contact Class Counsel at (202) 682-3500, free of charge.

17. Retaliation against a person for filing a claim is illegal and violates the Consent Decree.

**EXHIBIT H**
2

## NAMED PLAINTIFF RELEASE AND WAIVER OF CLAIMS

In return for $120,000.00, less applicable withholdings and deductions, to be paid to me by Sodexho, Inc. ("Sodexho") within 35 days after the Effective Date of the Settlement Agreement and Consent Decree ("Decree") entered by the Court in *McReynolds, et al. v. Sodexho Marriott Services, Inc.,* Civil Action No. 1:01-CV-00510 (ESH), I hereby release Sodexho and its officers, directors, parents, subsidiaries, affiliates, predecessors, successors, insurers, employees, attorneys and agents ("Released Parties") from any and all past, present and future claims, liability, obligations, demands, and actions, whether known or unknown, which I now have, claim to have, or had against the Released Parties based on any of the claims brought in the McReynolds Action or any other claims of race discrimination of any kind based on any event that has occurred prior to the Effective Date of the Decree. This includes, but is not limited to, claims related to alleged discrimination on the basis of race arising under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), and any other federal law, state or local law governing race discrimination claims.

I further agree not to file or institute any claims, action or cause of action against the Released Parties that I have released herein for acts occurring up to the date of this Release. I also warrant and represent that I have filed no charge or complaint, nor commenced any other administrative action in any local, state, or federal agency or court against the Released Parties for the claims released herein. If I break this promise, I acknowledge that Sodexho shall have the absolute right to apply for appropriate relief, including repayment of all amounts paid to me pursuant to this Release and reasonable attorneys' fees and costs, incurred by the Released Parties in defending against my claim. This subparagraph does not apply to any lawsuit brought for purposes of pursuing a claim or claims under the ADEA, nor will I be liable to pay attorneys' fees in the event that I bring such a lawsuit. However, the waiver and release contained in the first paragraph will remain valid and enforceable.

I acknowledge and agree that I am fully able and competent to execute this Release and that I have executed this Release freely, knowingly and voluntarily, without fraud, duress, coercion or undue influence, having carefully read the Release, and with a full understanding of its terms, effects and consequences.

I further acknowledge and agree that (i) I have been advised to consult with an attorney prior to executing this Release, (ii) I have been offered twenty-one (21) days in which to consider the terms of this Release, (iii) I understand that I have seven (7) days after the execution of this Release within which to revoke this Release, and (iv) the consideration

1

**EXHIBIT I**

that I have received is in excess of anything to which I am otherwise entitled.

This Release shall be governed by the law of the state of Maryland.

**THIS IS A RELEASE; READ BEFORE SIGNING**

I expressly warrant and represent that:

(a)      I have carefully read the terms of this Release and am fully aware of its contents and legal effects; and

(b)      I execute this Release voluntarily, knowingly and willingly.

Executed on this _____ day of _____, 2005.

_____
Signature

_____
Printed Name

2

**EXHIBIT I**

## AFFIANT RELEASE AND WAIVER OF CLAIMS

In return for $40,000.00, less applicable withholdings and deductions, to be paid to me by Sodexho, Inc. ("Sodexho") within 35 days after the Effective Date of the Settlement Agreement and Consent Decree ("Decree") entered by the Court in *McReynolds, et al. v. Sodexho Marriott Services, Inc.,* Civil Action No. 1:01-cv-00510 (ESH), I hereby release Sodexho and its officers, directors, parents, subsidiaries, affiliates, predecessors, successors, insurers, employees, attorneys and agents ("Released Parties") from any and all past, present and future claims, liability, obligations, demands, and actions, whether known or unknown, which I now have, claim to have, or had against the Released Parties based on any of the claims brought in the McReynolds Action or any other claims of race discrimination of any kind based on any event that has occurred prior to the Effective Date of the Decree. This includes, but is not limited to, claims related to alleged discrimination on the basis of race arising under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), and any other federal law, state or local law governing race discrimination claims.

I further agree not to file or institute any claims, action or cause of action against the Released Parties that I have released herein for acts occurring up to the date of this Release. I also warrant and represent that I have filed no charge or complaint, nor commenced any other administrative action in any local, state, or federal agency or court against the Released Parties for the claims released herein. If I break this promise, I acknowledge that Sodexho shall have the absolute right to apply for appropriate relief, including repayment of all amounts paid to me pursuant to this Release and reasonable attorneys' fees and costs, incurred by the Released Parties in defending against my claim. This subparagraph does not apply to any lawsuit brought for purposes of pursuing a claim or claims under the ADEA, nor will I be liable to pay attorneys' fees in the event that I bring such a lawsuit. However, the waiver and release contained in the first paragraph will remain valid and enforceable.

I acknowledge and agree that I am fully able and competent to execute this Release and that I have executed this Release freely, knowingly and voluntarily, without fraud, duress, coercion or undue influence, having carefully read the Release, and with a full understanding of its terms, effects and consequences.

I further acknowledge and agree that (i) I have been advised to consult with an attorney prior to executing this Release, (ii) I have been offered twenty-one (21) days in which to consider the terms of this Release, (iii) I understand that I have seven (7) days after the execution of this Release within which to revoke this Release, and (iv) the consideration

1

**EXHIBIT J**

that I have received is in excess of anything to which I am otherwise entitled.

This Release shall be governed by the law of the state of Maryland.

**THIS IS A RELEASE; READ BEFORE SIGNING**

I expressly warrant and represent that:

(a)      I have carefully read the terms of this Release and am fully aware of its contents and legal effects; and

(b)      I execute this Release voluntarily, knowingly and willingly.

Executed on this _____ day of _____, 2005.

_____
Signature

_____
Printed Name

2

**EXHIBIT J**

## DEPONENT RELEASE AND WAIVER OF CLAIMS

In return for $15,000.00, less applicable withholdings and deductions, to be paid to me by Sodexho, Inc. ("Sodexho") within 35 days after the Effective Date of the Settlement Agreement and Consent Decree ("Decree") entered by the Court in *McReynolds, et al. v. Sodexho Marriott Services, Inc.,* Civil Action No. 1:01-cv-00510 (ESH), I hereby release Sodexho and its officers, directors, parents, subsidiaries, affiliates, predecessors, successors, insurers, employees, attorneys and agents ("Released Parties") from any and all past, present and future claims, liability, obligations, demands, and actions, whether known or unknown, which I now have, claim to have, or had against the Released Parties based on any of the claims brought in the McReynolds Action or any other claims of race discrimination of any kind based on any event that has occurred prior to the Effective Date of the Decree. This includes, but is not limited to, claims related to alleged discrimination on the basis of race arising under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), and any other federal law, state or local law governing race discrimination claims.

I further agree not to file or institute any claims, action or cause of action against the Released Parties that I have released herein for acts occurring up to the date of this Release. I also warrant and represent that I have filed no charge or complaint, nor commenced any other administrative action in any local, state, or federal agency or court against the Released Parties for the claims released herein. If I break this promise, I acknowledge that Sodexho shall have the absolute right to apply for appropriate relief, including repayment of all amounts paid to me pursuant to this Release and reasonable attorneys' fees and costs, incurred by the Released Parties in defending against my claim. This subparagraph does not apply to any lawsuit brought for purposes of pursuing a claim or claims under the ADEA, nor will I be liable to pay attorneys' fees in the event that I bring such a lawsuit. However, the waiver and release contained in the first paragraph will remain valid and enforceable.

I acknowledge and agree that I am fully able and competent to execute this Release and that I have executed this Release freely, knowingly and voluntarily, without fraud, duress, coercion or undue influence, having carefully read the Release, and with a full understanding of its terms, effects and consequences.

I further acknowledge and agree that (i) I have been advised to consult with an attorney prior to executing this Release, (ii) I have been offered twenty-one (21) days in which to consider the terms of this Release, (iii) I understand that I have seven (7) days after the execution of this Release within which to revoke this Release, and (iv) the consideration

1

**EXHIBIT K**

that I have received is in excess of anything to which I am otherwise entitled.

This Release shall be governed by the law of the state of Maryland.

**THIS IS A RELEASE; READ BEFORE SIGNING**

I expressly warrant and represent that:

(a)   I have carefully read the terms of this Release and am fully aware of its contents and legal effects; and

(b)   I execute this Release voluntarily, knowingly and willingly.

Executed on this _____ day of _____, 2005.

_____
Signature

_____
Printed Name

2

**EXHIBIT K**

## EXECUTIVE COMMITTEE MEMBER RELEASE
## AND WAIVER OF CLAIMS

In return for $120,000.00, less applicable withholdings and deductions, to be paid to me by Sodexho, Inc. ("Sodexho") within 35 days after the Effective Date of the Settlement Agreement and Consent Decree ("Decree") entered by the Court in *McReynolds, et al. v. Sodexho Marriott Services, Inc.,* Civil Action No. 1:01-cv-00510 (ESH), I hereby release Sodexho and its officers, directors, parents, subsidiaries, affiliates, predecessors, successors, insurers, employees, attorneys and agents ("Released Parties") from any and all past, present and future claims, liability, obligations, demands, and actions, whether known or unknown, which I now have, claim to have, or had against the Released Parties based on any of the claims brought in the McReynolds Action or any other claims of race discrimination of any kind based on any event that has occurred prior to the Effective Date of the Decree. This includes, but is not limited to, claims related to alleged discrimination on the basis of race arising under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), and any other federal law, state or local law governing race discrimination claims.

I further agree not to file or institute any claims, action or cause of action against the Released Parties that I have released herein for acts occurring up to the date of this Release. I also warrant and represent that I have filed no charge or complaint, nor commenced any other administrative action in any local, state, or federal agency or court against the Released Parties for the claims released herein. If I break this promise, I acknowledge that Sodexho shall have the absolute right to apply for appropriate relief, including repayment of all amounts paid to me pursuant to this Release and reasonable attorneys' fees and costs, incurred by the Released Parties in defending against my claim. This subparagraph does not apply to any lawsuit brought for purposes of pursuing a claim or claims under the ADEA, nor will I be liable to pay attorneys' fees in the event that I bring such a lawsuit. However, the waiver and release contained in the first paragraph will remain valid and enforceable.

I acknowledge and agree that I am fully able and competent to execute this Release and that I have executed this Release freely, knowingly and voluntarily, without fraud, duress, coercion or undue influence, having carefully read the Release, and with a full understanding of its terms, effects and consequences.

I further acknowledge and agree that (i) I have been advised to consult with an attorney prior to executing this Release, (ii) I have been offered twenty-one (21) days in which to consider the terms of this Release, (iii) I understand that I have seven (7) days after

1

**EXHIBIT L**

the execution of this Release within which to revoke this Release, and (iv) the consideration that I have received is in excess of anything to which I am otherwise entitled.

This Release shall be governed by the law of the state of Maryland.

**THIS IS A RELEASE; READ BEFORE SIGNING**

I expressly warrant and represent that:

(a)      I have carefully read the terms of this Release and am fully aware of its contents and legal effects; and

(b)      I execute this Release voluntarily, knowingly and willingly.

Executed on this _____ day of _____, 2005.

_____
Signature

_____
Printed Name

2

**EXHIBIT L**

## ELIGIBLE CLAIMANT RELEASE AND WAIVER OF CLAIMS

In return for the consideration provided for in the Settlement Agreement and Consent Decree ("Decree") entered by the Court in *McReynolds, et al. v. Sodexho Marriott Services, Inc.,* Civil Action No. 1:01-CV-00510 (ESH), and to be paid to me by Sodexho, Inc. ("Sodexho") if I am found to qualify as an Eligible Claimant pursuant to the terms of Section X.C of the Decree, I hereby release Sodexho and its officers, directors, parents, subsidiaries, affiliates, predecessors, successors, insurers, employees, attorneys and agents ("Released Parties") from any and all past, present and future claims, liability, obligations, demands, and actions, whether known or unknown, which I now have, claim to have, or had against the Released Parties based on any of the claims brought in the McReynolds Action or any other claims of race discrimination of any kind based on any event that has occurred prior to the Effective Date of the Decree. This includes, but is not limited to, claims related to alleged discrimination on the basis of race arising under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), and any other federal law, state or local law governing race discrimination claims.

I further agree not to file or institute any claims,  action or cause of action against the Released Parties that I have released herein for acts occurring up to the date of this Release. I also warrant and represent that I have filed no charge or complaint, nor commenced any other administrative action in any local, state, or federal agency or court against the Released Parties for the claims released herein or I shall promptly move to dismiss or withdraw said charge, complaint or action.  If I break this promise, I acknowledge that Sodexho shall have the absolute right to apply for appropriate relief, including repayment of all amounts paid to me pursuant to this Release and reasonable attorneys' fees and costs, incurred by the Released Parties in defending against my claim.   This subparagraph does not apply to any lawsuit brought for purposes of pursuing a claim or claims under the ADEA, nor will I be liable to pay attorneys' fees in the event that I bring such a lawsuit.  However, the waiver and release contained in the first paragraph will remain valid and enforceable.

I acknowledge and agree that I am fully able and competent to execute this Release and that I have executed this Release freely, knowingly and voluntarily, without fraud, duress, coercion or undue influence, having carefully read the Release, and with a full understanding of its terms, effects and consequences.

I further acknowledge and agree that (i) I have been advised to consult with an attorney prior to executing this Release, (ii) I have been offered twenty-one (21) days in which to consider the terms of this  Release, (iii) I understand that I have seven (7) days after

1

**EXHIBIT M**

the execution of this Release within which to revoke this Release, and (iv) the consideration that I will receive hereunder if I am found to be an Eligible Claimant pursuant to the terms of the Decree is in excess of anything to which I am otherwise entitled.

       This Release will be governed by the law of the state of Maryland.

<strong>THIS IS A RELEASE; READ BEFORE SIGNING</strong>

       I expressly warrant and represent that:

       (a)     I have carefully read the terms of this Release and am fully aware of its contents and legal effects; and

       (b)     I execute this Release voluntarily, knowingly and willingly.

       Executed on this _____ day of _____, 2005.

                          _____
                          Signature

                          _____
                          Printed Name

<strong>RETURN RELEASE TO CLAIMS ADMINISTRATOR WITH CLAIMS FORM</strong>

2

<strong>EXHIBIT M</strong>